WILKINS *v*. LEACH ET AL.

[No. 28,657. Filed January 3, 1951.]

*John H. Jennings, R. Vance Hartke* and *Raymond Ashby,* all of Evansville, for appellant.

*Wilbur F. Dassel,* of Evansville, for appellees.

EMMERT, J.—This appeal reaches this court by way of transfer from the Appellate Court because four judges of that court were unable to agree on a decision. Section 4-209, Burns' 1946 Replacement.

The appellee Elma P. Leach, commenced her action in the trial court for the specific performance of a written contract for the conveyance of four lots in Vanderburgh County, the fee simple title of which she alleged to be in the appellees Martha Dyer, Executrix of the Estate of Benjamin W. Dyer, Martha W. Dyer, Widow, Benjamin W. Dyer, Annie L. Wilson and Clarence H. Wilson, who will hereafter be referred to as the vendors. The complaint alleged that the appellant was the agent for the vendors and authorized to enter into the contract for the sale of the real estate to Joe L. Howard and Pearl M. Howard, purchasers, who for a valuable consideration assigned their interest in the contract to the appellee Leach, who will hereinafter be referred to as the assignee, which assignment was agreed to by appellant Wilkins as agent for the vendors, which was done with the knowledge, consent and approval of them. The complaint averred that the assignee had duly performed all the conditions of such contract for sale of the real estate and had tendered the sum of $550.00 to the agent, and demanded conveyance by the vendors, which they refused. The prayer was for specific performance of the written contract.

The appellant filed a separate demurrer to the complaint for want of facts sufficient to state a cause of action. The only ground for demurrer stated in the memorandum was that the contract showed upon its face it was not assignable without the written consent of the defendant, meaning Wilkins, and there was no

such written consent filed with the complaint. This demurrer was overruled, which ruling is assigned as error on appeal.

The answer of the appellant admitted that the vendors were the owners in fee simple of the real estate, that he was the agent of the vendors and authorized to enter into contracts for the sale of their real estate. His answer denied the execution of the contract, a copy of which was attached to the complaint, but he did not plead any *non est factum* to the contract, which was produced at the trial and introduced in evidence. The vendors by their separate answer admitted they were the owners in fee simple of the real estate in controversy, but denied all other allegations of the complaint.

The appellant filed a motion for new trial which was overruled, which ruling he assigns as error on appeal, but the vendors filed no motion for a new trial, and did not appeal, nor do they now question any ruling of the trial court, or its decision for specific performance.

The complaint does not allege, nor does the appellant's answer allege that he had any right, title or interest in the real estate which he could convey. The complaint does not seek a money judgment against appellant for any of his acts or omissions as agent. As we construe it, it only seeks relief by way of specific performance, against the vendors who were owners of the fee.

There was no special finding of facts or conclusions of law requested. The court's finding was "for the plaintiff and that the allegations of the plaintiff's complaint were true, that the contract referred to in the complaint can be fully performed and executed, and that the plaintiff is entitled

to have the same specifically enforced." The finding purports to state further facts with reference to the contract, part performance, tender and refusal of the amount due, which are not necessary to state in this opinion, since we feel they are surplusage and unnecessary for determination of this appeal.[1] We construe the finding in connection with the issues presented by the complaint. As we construe the finding it was against the owners of the fee and that they specifically perform. There was no motion to modify the judgment to have it conform to the findings.

The issue thus presented on appeal is, can the agent, who had no right, title or interest in and to the real estate and against whom there was no finding for specific performance or for the recovery of any money, prosecute an appeal because his principals by decree were ordered to specifically perform? We believe not. The appellant was merely a nominal party with no interest in the real estate. As an agent he cannot complain because his principals, who were the owners, suffered a decree for specific performance against them. Therefore, he has no appealable interest. 3 C. J. 650, § 515; *Hawley* v. *Whitaker* (Tex. Civ. App., 1895), 33 S. W. 688.

The appeal is dismissed.

Draper, J., not participating.

NOTE.—Reported in 95 N. E. 2d 836.

---

[1] A special finding made without request will be treated as a general finding. II Watson's Rev., *Works' Practice & Forms*, § 1586, p. 232.