AETNA LIFE INSURANCE COMPANY, Plaintiff-Respondent,

v.

Deborah Faye LITTEER, Defendant, Cross-claimant-Appellant,

James D. Litteer, a minor, and Loye M. Downing and Cleo O. Thompson, Co-Guardians of James D. Litteer, a minor, Defendants-Respondents.

No. 31669.

Missouri Court of Appeals, Western District.

Sept. 1, 1981.

Howard E. Bodney, Sullivan, Bodney & Hammond, Kansas City, for defendant, cross-claimant-appellant.

John H. Norton (argued), Wilbur L. Pollard, Norton, Pollard & Norton, Inc., Kansas City, for defendants-respondents.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

Deborah Faye Litteer appeals from a circuit court judgment in this interpleader action directing that the proceeds of a life insurance policy paid into court by the plaintiff be distributed to a non-party, the estate of Rickey Joe Litteer, deceased. We reverse and remand the case to the trial court for further proceedings.

In July, 1974 Rickey Joe Litteer married defendant-appellant Deborah Faye Litteer who bore his son, defendant James Dennis Litteer. The couple separated in January, 1975 and their marriage was dissolved in August, 1977. Before the dissolution of their marriage, the Litteers entered into a separation agreement mutually releasing each other of all claims. The record does not disclose in whose custody the child was before or after the dissolution or who contributed to his support. On December 20 that year Rickey Joe Litteer died of accidental injuries. At that time his life was insured in the amount of $10,000 by a policy in which his then former wife, Deborah Faye, was the named beneficiary.

Rickey Joe Litteer was survived by his mother, defendant Loye M. Downing. His son's maternal grandmother is defendant Cleo O. Thompson. After his death, Mrs. Downing and Mrs. Thompson were appointed by the probate court of Clay County as co-guardians of the person and of the estate of the minor son. That court placed the child in the custody of Mrs. Thompson. Apparently, at least since his father's death, Mrs. Litteer has not contributed to the support of the boy. Nothing in the record reveals what other assets Mr. Litteer owned, what other policies of insurance existed on his life or what death claims may have been asserted on behalf of the son. The estate of Rickey Joe Litteer, deceased, was opened in Clay County and, apparently, a document purporting to be his will was filed for probate therein.

The Aetna Life Insurance Company, aware of the conflicting claims of defendant Deborah Faye Litteer and her son to the proceeds of the life insurance policy, filed this interpleader action naming as defendants the son, Mrs. Litteer, Loye M. Downing and Cleo O. Thompson, the latter two as co-guardians of the person and of the estate of the boy. The trial court ultimately discharged Aetna. Issues were joined between Mrs. Litteer and the son and one of his co-guardians, Mrs. Downing. The estate of Rickey Joe Litteer, deceased, was not made a party and no appearance was made on its behalf by its representative, Loye M. Downing, although she appeared and answered in her capacity as co-guardian of the son.

In her pleadings Mrs. Litteer cross-claimed against her son and his two guardians, praying judgment for the sum deposited by the Aetna pursuant to its interpleader action. Defendant Cleo O. Thompson answered the plaintiff's petition, but never

responded to the cross-claim. Defendant Loye M. Downing answered the petition and the cross-claim. In response to the plaintiff's petition and to Mrs. Litteer's claim, Mrs. Downing asserted that Mrs. Litteer in paragraph C of the separation agreement hereinafter set out had released her rights to the proceeds of the insurance policy and that she had "under oath . . . relinquished any right . . . in and to the proceeds of said insurance policy and further agreed that same could be paid into the estate of Ricky [sic] Joe Litteer for the benefit of his son. . . ." Those pleadings do not mention any will of Mr. Litteer. Mrs. Downing sought an order directing that the proceeds of the insurance policy be distributed to the estate of Rickey Joe Litteer.

In October, 1979 Deborah Faye Litteer filed her motion for summary judgment which the trial court overruled five days later. Thereafter, the parties filed a waiver of trial by jury in which they also agreed to submit the claims of the respective parties to the court upon a stipulation of facts. Among other things in the stipulation, the parties agreed that Mrs. Litteer had signed a separation agreement which contained this clause:

C. *Other Property, Mutual Release and Waiver.* Subject to the provisions herein contained, all other property, real or personal, wheresoever situated, now owned or hereafter acquired by either party, individually, shall be and remain the sole and separate property of said party, free from all rights or interest of the other, and each hereby releases and conveys to the other all his or her interest in the property of the other now owned or hereafter acquired.

The stipulation contained no agreement as to the alleged relinquishment by Mrs. Litteer of her rights to the policy proceeds and no reference to a will allegedly executed by Mr. Litteer.

One month after the filing of the stipulation and sixteen weeks after the order overruling defendants' motion for summary judgment, however, in a pleading purporting to oppose the already-overruled motion for summary judgment, Mrs. Downing directed the court's attention to the last will and testament of Rickey Joe Litteer appearing to have been executed in September, 1977 after the dissolution of the Litteer marriage. The purported will, an unverified copy of which was attached to the pleading, provided:

It is my desire that my mother, Loye M. Downing, be the sole Executor of my estate to include all insurance policies and benefits, bank accounts and my total net worth at the time of my death, so that she may provide for my minor son, James Dennis Litteer.

I am making this will because of the lack of responsibility and mental health of my former wife, Debbie F. Litteer. In case of my death, I feel my mother would be the only person I would trust to look after the well-being and interests of My son . . . and I do devise and bequeath all the rest and residue of my estate, both real, personal and mixed, to My son, James D. Litteer.

Mrs. Litteer promptly filed suggestions in opposition to Mrs. Downing's newest pleading, strenuously protesting the violation of the agreement to submit the case to the court upon the stipulated facts and vigorously opposing the reference to extrinsic evidence of the purported will. She also stoutly denied that she had renounced or relinquished any of her rights after Mr. Litteer's death.

Thereafter, the trial court entered the following order:

This case coming before the Court upon stipulation of facts as well as briefs for summary judgment and further briefs upon the stipulation, and the Court having considered all the briefs and facts, does rule as follows:

1. Defendant Loye Downing's presentment of the will while procedurally improper is dispositive of the case, and therefore will be considered although defendant, Deborah Faye Litteer's objection is noted.

2. Based upon *Connecticut General Life Insurance Company v. Peterson,* 442

F.Supp. 533 W.D. Mo. 1978, the Court finds that a will may change the designation of a beneficiary in an insurance policy.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the remaining proceeds of the insurance policy paid into court by the plaintiff be distributed to the estate of Ricky [sic] Joe Litteer, Number 9794 now pending in the Probate Court of Clay County, Missouri, and the costs are assessed against defendant Deborah Faye Litteer.

After this cause was argued and submitted, the parties attempted to correct the omission as a party in the trial court of the personal representative of the estate of Rickey Joe Litteer, deceased. Loye M. Downing, acting in her capacity as the personal representative of her son's estate, filed in this court her entry of appearance as a defendant. She waived service of process and all notices to which she might have been entitled in such capacity and consented to be bound by the judgment of the trial court from which this appeal arose and to the judgment of this court. Mrs. Litteer, co-guardian Cleo O. Thompson and Mrs. Downing, in her capacity as co-guardian, all then consented to her proposed entry of appearance and intervention in this case. They also seek supplemental oral argument.

■ Rule 52.06, Rules of Civil Procedure, provides in part that parties may be added to a pending case on motion of any party or on the court's own initiative "at any stage of the action and on such terms as are just." This rule "obviously refers to the trial court", not the appellate court. *State ex rel. Harwood v. Sartorius,* 355 Mo. 837, 198 S.W.2d 690, 698 (1946). Absent a suggestion of death or the like, this court has no authority under the statutes, the rules or the case law to permit addition or substitution of parties. *Cf. Millspaugh v. Akin,* 299 S.W. 596, 597 (Mo.App.1927) (appellate court has no authority to allow amendment of petition by substituting parties in a case pending on appeal.)

■ Aside from the question of the authority of this court to permit adding of a new party at the appellate stage of litigation, the court in the circumstances of this case cannot permit the late entry of this particular party because such late entry in any event cannot be on terms which "are just" as required by Rule 52.06. That is so for the simple reason that in the trial court the then parties stipulated to facts which omitted any reference to the alleged will of Rickey Joe Litteer. The execution of that will by Mr. Litteer, the insured, is an important if not the only basis for the claim of his estate to the proceeds of the policy. Obviously, the interests of the estate were not represented when the stipulation was drawn and the parties agreed to submit the case for decision on the basis of the stipulated facts which did *not* include the execution of the will. That is true even though Mrs. Downing in her capacity as co-guardian urged the court to deny the claim of the named beneficiary and order the proceeds paid to her son's estate. She failed to establish a factual or a legal basis for such an award. The estate was entitled to more attentive representation.

■ The estate was a necessary party within the meaning of Rule 52.04(a). That rule requires the trial court to order the joinder of a person

if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . .

Moreover, because the interests of both the plaintiff Aetna Life Insurance Company and the estate might be and indeed appear already to have been prejudiced by a judgment rendered in the absence of the representative of the estate, the estate is also an indispensable party under Rule 52.04(b). Aetna, had it known of the claim of the

estate based on the alleged change of beneficiary effected by the purported will of the insured, certainly would have named his estate as a party defendant. The personal representative of the estate, albeit in a peculiarly indirect fashion, attempted in the trial court to assert the interests of the estate. Under Rule 52.04(b), when the trial court got an inkling of the apparent claim of the estate, it should have "in equity and good conscience" on its own motion ordered the joinder of the estate or dismissed the action. The court had no authority or jurisdiction to proceed absent the joinder of such an indispensable party. *Kingsley v. Burack*, 536 S.W.2d 7, 13 (Mo. 1976); *Massey v. Long*, 608 S.W.2d 547, 551 (Mo.App.1980).[1]

Having now noticed this apparent omission of a necessary and indispensable party which goes to the jurisdiction of the trial court to proceed in the absence of such a party, under Rule 55.27(g)(2) and (3)[2] we must reverse and remand the case for further proceedings consistent with the requirements of Rule 52.04, giving the personal representative of the estate of Rickey Joe Litteer, deceased, full opportunity to appear or otherwise dismissing the cause.

Accordingly, leave is denied to the personal representative of the estate of Rickey Joe Litteer, deceased, to enter her appearance herein, the joint request of the parties for supplemental oral argument is denied, the judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

---

1. Also, serious question as to the authority and jurisdiction of the trial court to make an award to a non-party is raised by this case. *Cf. Campbell v. Webb*, 363 Mo. 1192, 258 S.W.2d 595, 605 (1953).

2. In pertinent part, Rule 55.27(g)(2) and (3) reads:

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 52.04, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 55.01, or by motion for judgment on the pleadings, or at the trial on the merits, or *on appeal*.

(3) Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. (Emphasis added.)