GOVERNMENT EMPLOYEES INSURANCE COMPANY, INC. (GEICO), Plaintiff–Respondent,

v.

Ilona CLENNY, David Powers, Johanna L. Meyers, Mark Turley, William C. Morgan, Cindy Ferris, and Dale Robinson, Defendants,

Intercon General Agencies, Inc., Defendant–Appellant.

No. 15542.

Missouri Court of Appeals, Southern District, Division Two.

June 3, 1988.

Thos. J. Conway, Thomas M. Sweeny, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for plaintiff-respondent.

Peggy D. Richardson, Stockard, Andereck, Hauck, Sharp and Evans, Jefferson City, for defendant-appellant.

PREWITT, Presiding Judge.

Plaintiff-respondent sought a declaratory judgment determining that a policy of insurance issued to defendant Ilona Clenny did not provide coverage for certain injuries to her. Following summary judgment in favor of plaintiff to that effect, defendant Intercon General Agencies, Inc. filed a notice of appeal.

Defendant Clenny owned a 1986 Pontiac Firebird automobile. On December 7, 1985, Mark Muhlhauser was operating that vehicle with defendant Clenny's permission. Defendant Clenny and four other individuals were passengers in the automobile. A one-car collision occurred in which Muhlhauser was killed and defendant Clenny contends that she was injured.

At the time of the collision Ms. Clenny was the named insured of an insurance contract with plaintiff whereby it provided automobile liability insurance on the Pontiac Firebird. The policy generally covered bodily injury arising out of the use of that automobile, but it excluded "bodily injury to any insured." Muhlhauser, on that date, had an insurance agreement with The Fire and Casualty Company of Connecticut regarding a vehicle he owned. That company is not now and has never been, as far as we can tell from the record, a party to this action. In its brief appellant states that "[t]he instant case involves which of two insurance companies has the duty to defend or provide coverage for damages arising out of an automobile accident." Apparently those companies are plaintiff and The Fire and Casualty Company of Connecticut.

Plaintiff alleged in its petition that Muhlhauser and Intercon General Agencies, Inc. "were at the time of the accident parties to an insurance agreement whereby defendant Intercon agreed to pay damages that Muhlhauser became legally obligated to pay because of bodily injury arising out of the use of an automobile." In its answer Intercon General Agencies, Inc. denied that allegation and alleged "that the Fire & Casualty Insurance Company of Connecticut and Mark Muhlhauser were, at the time of the accident, parties to an insurance agreement and Intercon is the adjusting agent for the Fire & Casualty Insurance Co. of Connecticut."

Intercon General Agencies, Inc. filed a counterclaim seeking a determination that the policy issued by The Fire & Casualty Insurance Company of Connecticut was "only excess bodily injury liability coverage for claims arising out of said accident". That counterclaim stated that plaintiff was "the primary insurer under the insurance agreement with Ilona Clenny for bodily injury claims arising out of said accident". It alleged that there was "a justiciable controversy" between plaintiff and it "as agent for The Fire & Casualty Insurance Company of Connecticut". Its prayer included the statement that "Separate Defendant Intercon or its principal is not pri-

marily obligated under" the policy issued by The Fire and Casualty Insurance Company of Connecticut.

Plaintiff's reply admitted that there was justiciable controversy between it and Intercon General Agencies, Inc. as agent for The Fire and Casualty Insurance Company of Connecticut. The parties thereafter stipulated that defendant Clenny had in effect at the time of the collision an insurance policy with plaintiff, and Mark C. Muhlhauser had in effect an insurance agreement with The Fire and Casualty Insurance Company of Connecticut.

█ In accordance with this court's Special Rules regarding oral argument, Rule 1(b), as no request for oral argument was made, the case was considered submitted upon the record and briefs of the parties. Upon examination of the record the court determined that there may be a question of Intercon General Agencies, Inc.'s right to appeal. The right to appeal and whether a party is aggrieved within the meaning of § 512.020, RSMo 1986, is jurisdictional which may be raised by the appellate court. *Crigler v. Frame*, 632 S.W.2d 94, 95 (Mo. App.1982). Although not questioned, it is this court's duty to determine the propriety of an appeal. *In re Estate of Savage*, 650 S.W.2d 346, 348 (Mo.App.1983).

To aid in determining the propriety of this appeal an order was entered granting appellant time to show why it was an aggrieved party. In response appellant stated that it is the "adjusting agent" for The Fire and Casualty Insurance Company of Connecticut and they "are parties to a contract wherein Appellant agreed to handle all claims and make disbursements where necessary for Fire & Casualty, who would then indemnify Appellant for disbursements made on behalf of Fire & Casualty plus a handling fee." Appellant contends that by virtue of this contract it "is an aggrieved party with a right to appeal in this case pursuant to 507.010 RSMo. (1986) and Missouri Rules of Civil Procedure 52.-01." In the event appellant is not determined to be aggrieved it seeks leave "to amend and substitute the Fire & Casualty

Insurance Company of Connecticut as the proper party to pursue this appeal."

Appellant cites one case in response to our order, *State ex rel. Manchester Insurance & Indemnity Co. v. Moss*, 522 S.W.2d 772 (Mo. banc 1975), for its discussion of indemnity. The record contains no reference to the contract which appellant indicates provides for it to make payments or for its indemnification. It is not established that appellant could have any obligation to any of the parties and the court's judgment does not so state. The judgment only provides that plaintiff is not obligated regarding the claim of Ilona Clenny. We are left with the statement in the record that appellant is the "adjusting agent" for The Fire and Casualty Insurance Company of Connecticut and must determine if that status is sufficient for appellant to maintain this appeal.

█ Section 512.020, RSMo 1986, allows any "party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not" otherwise prohibited to appeal to a court having appellate jurisdiction. As used in § 512.020, "aggrieved" means "suffering from an infringement or denial of legal rights." *Farrell v. DeClue*, 382 S.W.2d 462, 466 (Mo.App.1964) (quoting from Webster's Third New International Dictionary).

█ Rule 81.04(a) provides that "[w]hen an appeal is permitted by law ... a party or his agent may appeal". That of course does not change the rule that by law only an aggrieved party may appeal. The rule allows an agent to appeal for its principal who is a party, in the principal's name but not in the agent's name. It does not allow an appeal in an agent's name because the judgment could affect its principal. Nor does Rule 52.01 aid appellant. It provides that civil actions must be maintained in the name of the real party in interest, with certain possible exceptions, none of which are shown to apply here.

█ Even if we assume that the judgment could adversely affect a nonparty, a question not before us, that would not give Intercon General Agencies, Inc. a right to

appeal. An agent cannot appeal because of the burden a court decree may place upon his principal. *Wilkins v. Leach*, 229 Ind. 114, 95 N.E.2d 836, 838 (1951). See also *Columbia Union National Bank & Trust Co. v. Bundschu*, 641 S.W.2d 864, 872 (Mo. App.1982) (appellant must have an interest in the subject matter; that interest of another is affected does not suffice); *Alabama Independent Serv. Station Ass'n v. McDowell*, 242 Ala. 424, 6 So.2d 502, 505 (1942) (agent can not sue in its name for principal); *Goodrich v. Rice*, 75 N.C.App. 530, 331 S.E.2d 195, 199 (1985) (an agent, not being the real party in interest, can not maintain an action in its name for its principal); *Scott v. Louisville & N.R. Co.*, 170 Tenn. 563, 98 S.W.2d 90, 92 (1936) (general rule is that an agent can not maintain an action in its name upon its principal's contract); *Hawley v. Whitaker*, 33 S.W. 688, 689 (Tex.Civ.App.1895) (nominal party with no interest in subject matter not entitled to appeal).

Appellant is not aggrieved by the judgment. The appeal cannot be maintained by it. Nor can we allow the substitution of The Fire and Casualty Insurance Company of Connecticut for it to pursue the appeal. It has been said that except upon suggestion of death or similar substitution situations, this court has no authority to permit the addition or substitution of parties. *Western Casualty & Surety Co. v. Alley*, 711 S.W.2d 195, 198 (Mo.App.1986); *Aetna Life Insurance Co. v. Litteer*, 621 S.W.2d 376, 379 (Mo.App.1981) (the latter case stating that Rule 52.06 applies only to trial courts). But cf. Rule 41.01(a)(1) (Rules 41 through 101 "govern" civil actions in appellate courts). However, even if this court can add or substitute parties in certain situations, it cannot do so here. As no valid appeal has been lodged this court has no jurisdiction to proceed further.

The appeal is dismissed.

HOGAN, FLANIGAN and MAUS, JJ., concur.