AMERICAN STATES INSURANCE
COMPANY, a corporation,
Plaintiff–Appellant,

v.

Trena LEDBETTER, Jeremy D. Ledbetter,
[Division Two] Stacy Yvonne Ledbetter
and Colonial Insurance Company of
California, a foreign insurance corpora-
tion, Defendants–Respondents.

No. 19174.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 28, 1994.

A.M. Spradling III, Spradling & Spradling,
Cape Girardeau, for plaintiff-appellant.

Michael B. Hazel, Hazel & Ford and W.
Edward Reeves, Ward & Reeves, Caruthers-
ville, for defendants-respondents Trena Led-
better, Jeremy D. Ledbetter, and Stacy
Yvonne Ledbetter, John M. Beaton.

Barbara A. Godley, Welman, Beaton,
Williams & McVey, Kennett, for respondent
Colonial Ins. Co. of California.

PREWITT, Judge.

Plaintiff sought declaratory judgment de-
claring that Colonial Insurance Co. of Cali-
fornia was estopped to deny coverage to Mi-
chael Davis for an automobile collision. Mi-
chael Davis, the operator of one vehicle, was
killed in the collision as was Lanny Ledbet-
ter, the operator of the other vehicle in-
volved. Plaintiff alleged that it is a foreign
insurance corporation which had issued a
policy of insurance to Lanny Ledbetter, in-
cluding uninsured motorist coverage. Plain-
tiff also asked the court to determine that its
uninsured motorist policy issued to Lanny
Ledbetter "does not allow stacking of under-
insured motorist coverage" and that its policy
"provides a maximum of Fifty Thousand Dol-
lars ($50,000.00) underinsured or uninsured
motorist coverage". Following nonjury trial
the trial court entered judgment contrary to
plaintiff on both its requests. Plaintiff ap-
peals.

At commencement of trial the parties stip-
ulated that "[a]t the time of the accident,
Lanny Ledbetter was insured through Amer-
ican Economy Insurance Company." Plain-
tiff's brief recites that Lanny Ledbetter "was
insured through American Economy Insur-
ance Company". The brief continues by say-
ing "American Economy Insurance Company
is the same as Appellant American States
Insurance Company, except under the Econ-
omy policy, the driver has been given a bet-
ter driving rating for premium payment
(TR20)." The cited page in the transcript
was from testimony of Patricia Hawkins, a
claims representative for American States
Insurance Company. On the page before
she testified that she had worked as a claims
representative for 17 years and her testimo-
ny continued:

"Q. And are you still performing those
duties today?

A. Yes, sir.

Q. Ms. Hawkins, we have previously identified Plaintiff's Exhibit 10, an insurance policy issued to Trena and Lanny Ledbetter and Plaintiff's Exhibit 10 that has been admitted in to evidence; are you familiar with that policy?

A. Yes, I am.

Q. I note on page 1 we have American States Insurance Company policy on page 2 the policy reads American Economy Insurance; would you explain any difference in policies to your knowledge?

A. There's none.

Q. What's the difference between American Economy and American States?

A. It's the rating of the premium of what kind of driver you are.

Q. The better the driver the different premium?

A. Yes.

Q. Does the policy of American States American Economy contain the same information?

A. Yes.

Q. There is no difference in policy other than the name for the type of premium you pay?

A. Yes."

At the time Exhibit 10 was offered in evidence plaintiff's attorney described it as "the insurance policy issued by American Economy Insurance Company to Lanny and Trena Ledbetter". The portion of plaintiff's Exhibit 10 which purported to be an insurance policy was not filed here. Although plaintiff recited that it filed plaintiff's Exhibit 10, all this court received was a copy of a one page affidavit marked "Plaintiff's Exhibit 10". The affidavit is by J.E. Lee, the "Personal Insurance Manager of the American States Insurance Company". He states that "the attached copy of the insurance policy ... is a true and exact recital of all the provisions in the said original policy and endorsements attached thereto." At the bottom of the sheet containing the "Affidavit" the names of six companies which appear to be insurance companies are recited. Included are "American States Insurance Company" and "American Economy Insurance Company". Thereafter, on the page it recites that these are "Members of Lincoln National Corporation".

Plaintiff's initial brief contains an appendix which purports to be "Plaintiff's Exhibit 10 Insurance policy between Appellant and Lanny and Trena Ledbetter". From that we cannot locate the reference to American Economy Insurance Company referred to in Hawkins' testimony. Perhaps this is because the first two pages of the copy of the policy, the "Amended Declarations" and "Declarations Extension", appear not to contain the top of the pages and the full name of the company is not shown there, only "Insurance" where the name of the company is shown on other pages of the policy.

During oral argument on October 20, 1994, we inquired of counsel as to the relationship of plaintiff and "American Economy Insurance Company" and were told by plaintiff's counsel that they were "subsidiaries". None of the attorneys appearing for the parties had Exhibit 10 or a copy of it. Counsel for the plaintiffs indicated he would check on the status of "American Economy Insurance Company" and file Exhibit 10.[1]

On October 24, 1994, this court received a letter from the law firm representing plaintiff saying that plaintiff's Exhibit 10 has not been located. A purported copy of it, apparently the same as that in plaintiff's brief was enclosed. More of the top of the first two pages was missing, than the copy in the brief.

By letter received here on October 27, 1994, plaintiff's attorneys state that a copy of plaintiff's Exhibit 10 was located in the Circuit Clerk's Office in Pemiscott County. Attached to the letter is a copy of the affidavit by J.E. Lee earlier referred to in this opinion. It does not appear to be the same copy as that earlier filed here as the earlier copy is both marked Plaintiff's Exhibit 10 and has

---

1. A "subsidiary corporation" is a corporation, a majority of whose voting stock is owned by another corporation (the parent corporation). *Baker v. Fenley,* 233 Mo.App. 998, 128 S.W.2d 295, 298 (1939); BLACK'S LAW DICTIONARY 1428 (6th ed. 1990).

a "Filed" stamp of the Circuit Clerk of Pemiscott County dated May 11, 1992.

The copy just received appears to have a "Filed" stamp which may be from the Circuit Clerk of Pemiscott County, but it is dated "Sep" with the remainder of the date unintelligible as is whoever filed it. Attached to the affidavit is what appears to be part of an insurance policy. It does not have the same page as what purports to be the first page, the "Amended Declarations", of the copy of the policy included in plaintiff's brief and the copy received here on October 24, 1994. Again, the remaining declarations page, the "Declarations Extension", has the top missing where it appears there may have been the name of an insurance company. No further information has been received regarding the relationship of plaintiff and "American Economy Insurance Company".

The situation here appears to be very similar to that which occurred in *Western Cas. & Sur. Co. v. Alley*, 711 S.W.2d 195 (Mo.App. 1986). *See also Government Emp. Ins. Co. v. Clenny*, 752 S.W.2d 66 (Mo.App.1988). In *Alley*, Western Casualty & Surety Company sought declaratory judgment involving a policy issued by "The Western Indemnity Company, Inc." The judgment was reversed and the cause remanded to the trial court to give the real party in interest an opportunity to appear. This court concluded, 711 S.W.2d at 198:

"[W]e hold that the judgment must be reversed and the cause must be remanded to the trial court with directions to set an appropriate deadline for Western Indemnity to enter its appearance as a party in this cause. If Western Indemnity does so, the trial court shall proceed thereafter in such manner as shall appear appropriate, given the contentions of Western Indemnity (whatever they may turn out to be) and those of the existing parties in response thereto. If Western Indemnity fails to enter its appearance within the deadline, or is not otherwise made a party, the trial court shall order the cause dismissed. Rule 52.04(b)."

The judgment is reversed and the cause remanded for proceedings as set forth in *Alley*.

GARRISON, P.J., and PARRISH, J., concur.