**AUTOMOBILE CLUB INTER–INSURANCE EXCHANGE, Plaintiff–Respondent,**

v.

**Laird NYGREN, Terry Thibodeau and Ryder Truck Rental, Inc., Defendants–Respondents, and Velma K. Stalker, Defendant–Appellant.**

No. 22059.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 27, 1998.

Donald R. Duncan, Eric M. Belk, Law Offices of Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for Ryder Truck Rental, Inc. for Respondent Ryder Truck Rental, Inc.

SHRUM, Presiding Judge.

Velma K. Stalker ("Claimant") appeals from a summary judgment entered on Count II of a declaratory judgment action filed by Automobile Club Inter–Insurance Exchange ("Plaintiff"). In its judgment on Count II, the trial court ruled that the language in a policy of motor vehicle liability insurance issued by Old Republic Insurance Co. ("Republic") was not ambiguous as Claimant contended. Accordingly, the trial court concluded that only the minimum coverage required by Missouri's financial responsibility law was available under Republic's policy. The court specifically rejected Claimant's position that due to ambiguity in Republic's policy language, coverage existed that was greater than the minimum.

This court reverses the judgment entered on Count II for two reasons: (1) The record fails to disclose the existence of a justiciable controversy; and (2) there was a failure to comply with Rule 87.04,[1] which, in a declaratory judgment action, requires joinder of all persons who have or claim any interest which would be affected by the declaration. Here, the entity that should have been joined as a party, but was not, is Old Republic Insurance Co.

This declaratory judgment stemmed from a suit for damages filed by Claimant for personal injuries she received in a motor vehicle accident. The accident happened west of Columbia, Missouri, on Interstate 70. Claimant alleged that a truck owned by Ryder Truck Rental, Inc. ("Ryder") changed lanes of traffic and forced the motorcycle she was riding into the median, where it overturned. Ryder had leased the truck to Terry (Nygren) Thibodeau ("Lessee") and at the time of the accident it was being driven by Laird Nygren ("Driver"). Claimant's underlying suit contained multiple counts in which she alleged that the negligence of Driver,

John Wise, J. Michael Riehn, Law Offices of J. Michael Riehn, Cassville, for Appellant.

1. Rule references are to Missouri Court Rules (1996), unless otherwise indicated.

Lessee, and Ryder caused the accident and her resultant injuries.

Plaintiff's declaratory judgment action had two counts. The first count named Claimant, Driver, and Lessee as defendants. It alleged that Plaintiff had issued a policy of liability insurance to Lessee on a motor vehicle she owned and that a dispute had arisen among Plaintiff, Lessee, and Driver as to whether this policy covered Lessee and Driver for Claimant's claims. Plaintiff asked for a judgment declaring that its policy afforded no coverage to Driver or Lessee and that it was neither obligated to defend Claimant's suit nor legally liable for any damages awarded to her. In May 1997, Plaintiff filed a motion for summary judgment as to Count I, seeking declarations in accordance with its pleading. On September 12, 1997, the trial court entered summary judgment for Plaintiff on Count I as requested. None of the parties appealed this judgment. Consequently, the trial court's declaration that Plaintiff's policy affords no coverage to Lessee and Driver is a final judgment.

Plaintiff's second count named Claimant and Ryder as defendants. Initially, it incorporated the allegations of Count I. Next, Plaintiff alleged that when Lessee rented the truck from Ryder, she purchased insurance from Ryder which provided "full and complete coverage" within the meaning of Missouri's financial responsibility laws. Specifically, Plaintiff alleged that the insurance purchased through Ryder afforded Lessee and Driver coverage in the amount of $1 million. Alternatively, Plaintiff alleged in Count II that if its policy was found to cover Lessee and Driver, the court should consider the policy to be excess coverage and should declare the Ryder policy to be Lessee's and Driver's primary policy. Plaintiff's prayer in Count II sought a declaratory judgment in accordance with these allegations.

Both Ryder and Claimant filed answers to Plaintiff's second count, but neither of them filed pleadings seeking affirmative relief, asserting counterclaims, cross-claims, or third-party claims. Republic was not made a par-

ty to this litigation. Moreover, after Plaintiff prevailed on Count I, it took no further action regarding Count II.

Despite the state of the pleadings, Ryder filed its "Separate Motion ... For Summary Judgment on Count II of Plaintiff's First Amended Petition For Declaratory Judgment." Ryder's summary judgment motion, the attachments thereto, and Claimant's answer established that Ryder was the named insured in a motor vehicle liability insurance policy issued by Republic. Apparently the parties agreed that this policy covered Driver and Lessee for Claimant's claims. However, the extent of that coverage was contested by Claimant in her response to Ryder's motion for summary judgment. As mentioned above, Plaintiff filed no response to Ryder's request for summary judgment.

On November 18, 1997, the trial court entered a summary judgment pertaining to Count II that read, *inter alia:*

> "The Court ... finds that Old Republic Policy TB15273 and its Endorsements are not ambiguous, and that the third paragraph of Endorsement 4 of the policy does not have the effect of raising the limits set forth in the first paragraph of the said Endorsement, and that the language of the Endorsement, taken as a whole, together with the language contained in the Rental Agreement, is unambiguous; and
>
> THE COURT ENTERS JUDGMENT in favor of defendant Ryder Truck Rental, Inc. and against [Claimant] to the effect that the limits of liability available to [Claimant] by reason of the accident of July 10, 1993, are $25,000 for her personal injury and $5,000 for her property damage." [2]

Claimant appeals from this judgment, contending that Republic's policy was ambiguous as a matter of law, thus mandating a finding of increased policy limits above the statutory minimum. As an initial matter, however, this court, *sua sponte*, must determine whether the trial court's judgment was a nullity, either because of the absence of an

2. In its brief, Ryder concedes that the judgment on Count II is erroneous to the extent that the trial court found the limit of liability for property damage to be $5,000. Even under Ryder's interpretation of the policy, the limit of liability for property damage is $10,000.

indispensable party, the absence of a justiciable controversy, or both. *See Witty v. State Farm Mut. Auto. Ins. Co.*, 854 S.W.2d 836, 838, 839 (Mo.App.1993).

The circuit courts of Missouri generally have authority to grant declaratory judgments when disputes arise between an insurer and its insured concerning the existence or. amount of coverage under a general liability policy. *Farmers Alliance Mut. Ins. Co. v. Reed*, 530 S.W.2d 470, 476–77 (Mo.App. 1975). However, a "declaratory judgment is not available to adjudicate hypothetical or speculative situations which may never come to pass." *Witty*, 854 S.W.2d at 838[1]. "There must be a sufficiently complete state of facts presenting issues ripe for determination." *Id.* at 838[4]. A mere difference of opinion or dispute on a legal issue is not an adequate basis for invoking the judicial power. *Id.*

A "justiciable controversy" is an essential requirement in a declaratory judgment action. *American Econ. Ins. Co. v. Ledbetter*, 903 S.W.2d 272, 274–75 (Mo.App. 1995). "No justiciable controversy exists and no justiciable question is presented unless an actual controversy exists between parties whose interests are adverse in fact." *County Court of Washington County v. Murphy*, 658 S.W.2d 14, 16 (Mo.banc 1983). Moreover, a plaintiff " 'must have a legally protectable interest at stake and the question presented must be appropriate and ready for judicial decision.' " *Id.* (citation omitted). *See Missouri Health Care v. Attorney General of Missouri*, 953 S.W.2d 617, 620[2] (Mo.banc 1997).

In *Local Union 1287 v. Kansas City Transp. Authority*, 848 S.W.2d 462 (Mo.banc 1993), our supreme court said:

> "It is premature to render a judgment or opinion on a situation that may never occur. A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose. The question must be ready for judicial decision. *If it is not, the judgment is a nullity.*"

*Id.* at 463[2–4] (citation omitted) (emphasis supplied).

Here, Plaintiff's second count sought a declaration that Republic's policy was primary and afforded coverage of $1 million, but it was an alternative pleading and presented a disputed issue *only* if the trial court rejected Plaintiff's first count. Whether Plaintiff even had standing to bring Count II is questionable in light of *St. Paul Fire and Marine v. Med. Protective Co.*, 675 S.W.2d 665 (Mo. App.1984), and its progeny.

In *St. Paul*, a physician (Dennis Hite) had two separate policies of insurance, one issued by plaintiff St. Paul (personal liability catastrophe policy) and a second by defendant Medical Protective (malpractice policy). A suit against Hite for defamation triggered a declaratory judgment action by St. Paul against Medical Protective. In its suit, St. Paul sought an interpretation of Medical Protective's medical malpractice policy. Specifically, St. Paul alleged that the St. Paul policy was excess insurance over and above coverage afforded by Medical Protective's malpractice policy. Hite was not made a party to the declaratory judgment suit. The trial court in *St. Paul* addressed the merits, found no coverage under Medical Protective's policy, and granted summary judgment to Medical Protective. 675 S.W.2d at 666.

On appeal, the eastern district found that St. Paul lacked standing under the Declaratory Judgment Act to request the court to interpret the contract of insurance purchased by Hite from defendant Medical Protective. The court said:

> "Plaintiff St. Paul was not a party to the Medical Protective policy. Nor is it a third-party beneficiary who could enforce defendant's medical malpractice contract. *No authority has been cited to this court and we find none which would authorize or grant standing to seek a declaration of rights under a contract to one who is not a party and who has no right to enforce the contract.* In *Hardware Center, Inc. v. Parkedge Corp.*, 618 S.W.2d 689, 694–695 (Mo.App.1981) we held that the provisions of our Declaratory Judgment Act do not extend standing to a party nor enlarge the jurisdiction of the court over subject matter or parties. 'It merely opens the doors for the court to certain potential defen-

dants or plaintiffs at a stage prior to that justifying an action for other traditional relief. (citations omitted).' *Id.* at 694. We there concluded that the Act does not grant standing to a stranger to the contract to be construed."

*Id.* at 667[1] (emphasis ours).[3]

■ As was true in *St. Paul,* Plaintiff is a complete stranger to the Republic policy, yet in Count II it asked the trial court to declare which insurer's coverage was primary and to determine the extent of Republic's coverage. Unlike *St. Paul,* the trial court's summary judgment on Count I for Plaintiff rendered moot all issues raised by Count II. Here, the summary judgment operated to preclude any liability on the part of Plaintiff to Claimant, Lessee, or Driver. Consequently, the dispute regarding which policy's coverage is primary is gone. Whether Plaintiff might have had a legally protectable interest in showing that Republic's coverage was greater than minimal limits if Plaintiff owed secondary coverage is a question we need not decide. Clearly, once the trial court declared that Plaintiff was not liable to Claimant, Lessee, or Driver on its policy, Plaintiff no longer had a protectable interest at stake.

Based on the case authority cited above, especially *St. Paul, Witty,* and *American Econ.,* we hold that there was no justiciable issue presented in Count II.

■ Although none of the parties to this appeal have raised the question of nonjoinder of Republic as a party, we raise it on our own motion. *See American Econ.,* 903 S.W.2d at 276; *Witty,* 854 S.W.2d at 839–40. In pertinent part, Rule 87.04 reads: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."

Rule 87.04 rescripts § 527.110, RSMo 1994 and is identical to § 11 of the Uniform De-

claratory Judgments Act. *Witty,* 854 S.W.2d at 839.

"Because a declaratory judgment action brought under the statute or court rules is a civil action, the conventional rules of civil practice and procedure apply, in the absence of provisions to the contrary. Therefore, the rules of civil practice and procedure relating to the joinder of necessary and indispensable parties apply to declaratory judgment actions."

*Carpenter–Vulquartz v. Doyle Dane Bernbach,* 777 S.W.2d 305, 309 (Mo.App.1989) (citation omitted).

■ In a declaratory judgment action, the presence of an indispensable party is a jurisdictional requirement. *Yellow Freight Sys. v. Mayor's Comm'n.,* 737 S.W.2d 250, 251[1] (Mo.App.1987). Accordingly, when an indispensable party to a declaratory judgment action is not joined in the case, any judgment rendered in that party's absence is a nullity. *Witty,* 854 S.W.2d at 839–40 (holding that tort-feasor/named insured was indispensable party when two auto liability policies were at issue; consequently, absence of such party rendered declaratory judgment a nullity). Moreover, it is no answer to say that the absent party's rights would not be prejudiced by the declaration. *American Econ.,* 903 S.W.2d at 276 (citing *Witty,* 854 S.W.2d at 842).

The facts here are closely analogous to those in *Western Cas. & Sur. Co. v. Alley,* 711 S.W.2d 195 (Mo.App.1986). There, Western Casualty brought a declaratory judgment action seeking a determination that it did not owe coverage on a liability insurance policy. On appeal, however, this court discovered that the policy in question was issued by *The Western Indemnity Company, Inc.,* and not by Western Casualty. *Id.* at 197. When the court raised this issue, the parties to the appeal stipulated that Western Casualty was the sole shareholder of Western Indemnity and that both companies were controlled and managed by the same person-

---

**3.** *See also American Econ.,* 903 S.W.2d 272, where this court relied heavily on *St. Paul* to find an insurance company lacked standing to obtain a declaration of another insurer's obligation to provide coverage when no facts were pled show-

ing a justiciable controversy. *Id.* at 275–76. We noted in *American Econ.* that "standing" is a concept used to decide if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court. *Id.* at 274.

nel. Even so, we reversed and remanded, holding that, since Western Indemnity had issued the policy, it (Western Indemnity) was "an indispensable party for the adjudication of [the] issue [of coverage]." *Id.* at 198. We also rejected suggestions that Western Indemnity should be substituted or added as a party on appeal, citing *Aetna Life Ins. Co. v. Litteer,* 621 S.W.2d 376, 379 (Mo.App.1981) (holding that, absent a suggestion of death or the like, this court has no authority under the statutes, rules, or case law to allow addition or substitution of parties).

We see the cases of *Western Cas., Witty,* and *American Econ.* as strikingly similar, so much so that we deem the rulings in those cases to be controlling here. Rule 87.04 contains no exception to the requirement that any person be made a party who has or claims any interest which would be affected by the declaration. We find that Republic has an interest which would be affected by the declaration concerning the extent of its coverage, especially if we were to reverse the finding of the trial court. Based on reasoning in *Western Cas., Witty,* and *American Econ.,* we also find that as to Count II Republic was an indispensable party without whose presence the trial court could not proceed under the Declaratory Judgment Act. The declaratory judgment on Count II is a nullity. Moreover, based on *Western Cas.* and *Litteer,* we deny the motion to add or substitute Old Republic Insurance Co. as a party to this case.

The judgment on Count II is reversed.

MONTGOMERY and BARNEY, JJ., concur.