COUNTY COURT OF WASHINGTON
COUNTY, Missouri,
Plaintiff-Appellant-Respondent,

v.

Hon. Stanley J. MURPHY,
Defendant-Respondent-Appellant,

and

The Mo. Sheriffs' Assn.,
Intervenor-Appellant.

No. 64161.

Supreme Court of Missouri,
En Banc.

Oct. 18, 1983.

W.H.S. O'Brien, Festus, William Barton, Jefferson City, for intervenor-appellant.

John W. Reid II, Fredericktown, for defendant-respondent-appellant.

Robert L. Carr, Potosi, for plaintiff-appellant-respondent.

WELLIVER, Judge.

This case purports to be a direct appeal of a declaratory judgment action wherein respondent-appellant County Court of Washington County (County Court) [1] questions

---

1. The County Court and the Circuit Court are both respondents-appellants. The Circuit Court is a party tried in the Circuit Court by a special judge. The Sheriffs' Association is shown as intervenor-appellant. In the interest of clarity, we will abandon our usual practice

the power of the Circuit Court of Washington County (Circuit Court) to authorize additional deputy sheriffs and set their salary pursuant to § 57.250, RSMo 1978.[2] The County Court, in its petition, alleged § 57.-250 to be unconstitutional in contravention of the separation of powers provision of Mo. Const. art. II, § 1. The special judge (Trial Court) assigned to hear the case ruled § 57.250 to be unconstitutional.

The Missouri Sheriffs' Association (Sheriffs' Association) was permitted to intervene for the purpose of filing a motion for rehearing, or in the alternative a new trial. This motion was overruled. The Sheriffs' Association purported to perfect an appeal in their own name which in fact was an appeal on behalf of the Circuit Court. The Circuit Court filed a notice of appeal which was never perfected in its own name. The County Court filed a cross-appeal contesting the assessment of the attorney's fee and court costs. The Circuit Court, prior to the hearing in this Court, filed a motion to dismiss the cross appeal for the reason that it had not been perfected by the County Court. This motion was taken with the submission of the case.

Jurisdiction in this Court was alleged by reason of the County Court questioning the validity of the statute. Mo. Const. art. V, § 3. In the interest of prompt and orderly disposition of litigation, we retain jurisdiction by reason of our general supervisory power. Mo. Const. art. V, § 4. We reverse in part and affirm in part.

## I

The petition for declaratory judgment alleges that prior to the filing of the within action, the Circuit Court at the request of the sheriff, entered an order dated June 1, 1981, authorizing two additional deputy sheriffs and setting their salary. The County Court refused to pay the deputies and the sheriff sought to enforce the order by the filing of a motion for contempt. On July 28, 1981, the County Court was brought before the Circuit Court where each of the three judges swore to comply with the order of the Circuit Court and checks for back pay were delivered to the two new deputies. The court found that "they (county judges) have, under oath, sworn to obey the court's order, dated June 1st, 1981" and that the judges had "purged themselves of contempt." At the request of counsel for the County Court, the Trial Court restated the judgment entry with more political tact, saying that because the County Court judges swore they would comply with the order, "they were not in contempt." The petition for declaratory judgment further alleged that the County Court made these salary payments "under protest." It was immediately following the contempt proceeding that the County Court filed the petition for a declaratory judgment against the Circuit Court. They did not make the sheriff a party to the proceeding.

The Circuit Court filed a combination answer and motion to dismiss upon the ground that there existed no justiciable issue between the County Court and the Circuit Court. Each side filed a motion for summary judgment and thereafter the Trial Court ruled § 57.250 to be unconstitutional and ordered that the attorney appointed to defend the Circuit Court be allowed a fee of $2,500 to be paid by the County Court. Costs were assessed against the County Court.

## II

The intense desire of the intervening Sheriffs' Association to obtain an advisory

of referring to the parties as appellant or respondent and refer to the parties by the name designated.

2. Section 57.250 provides, in pertinent part:
   The sheriff in counties of the third and fourth classes shall be entitled to such number of deputies and assistants, to be appointed by such official, with the approval of a majority of the circuit judges of the circuit court, as such judges shall deem necessary for the prompt and proper discharge of his duties relative to the enforcement of the criminal law of this state. Such judges of the circuit court, in their order permitting the sheriff to appoint deputies or assistants, shall fix the compensation of such deputies or assistants.
   All statutory references are to RSMo 1978.

opinion and the prompt filing of cross motions for summary judgment prior to a ruling on the motion to dismiss, may have contributed to the failure of the Trial Court to determine whether or not a justiciable controversy existed between the parties.

■ We know of no provision in either the Constitution or the statutes which would authorize the County Court to pay employees "under protest" or to pay them "conditionally." If the County Court believed that the Circuit Court was without authority to designate and compensate the sheriff's deputies and that they could legally refuse to follow the order, the appropriate action was to seek a writ of prohibition to prohibit the Circuit Court from enforcing its order by contempt. Rule 97.01. When the County Court swore to comply with the order, there remained no justiciable issue between the County Court and the Circuit Court.

No justiciable controversy exists and no justiciable question is presented unless an actual controversy exists between persons whose interests are adverse in fact. Plaintiff must have a *legally protectable interest* at stake and the question presented must be appropriate and ready for judicial decision.... Plaintiff's petition must present a real and substantial controversy admitting of *specific relief* through a decree of a *conclusive character,* as distinguished from a decree which is merely advisory as to the state of the law upon purely hypothetical facts.... Actions are merely advisory when there is an insufficient interest in either plaintiff or defendant to justify judicial determination, i.e., where the judgment sought would not constitute a specific relief to one party or the other. They are merely advisory when the judgment would not settle actual rights. If actual rights cannot be settled the decree would be a pronouncement of only academic interest. Plaintiff must have a legal interest in the relief he seeks. The question is justiciable only where the judgment will declare a fixed legal right and accomplish a useful purpose. Plaintiff must present a

state of facts from which he has present legal rights against those he names as defendants with respect to which he may be entitled to some *consequential relief* immediate or prospective. If it appears plaintiff can have no relief against defendant, defendant should not be forced into litigation which can have no possible final result in favor of plaintiff.

*State ex rel. Chilcutt v. Thatch,* 359 Mo. 122, 221 S.W.2d 172, 176 (banc 1949) (citations omitted).

As in *Chilcutt,* it is clear that the trial judge had "no jurisdiction to enter any order whatever or to take any action in the declaratory judgment suit, other than to dismiss the same." 221 S.W.2d at 176. We therefore find it unnecessary to reach issues other than the motion of the Circuit Court to dismiss the County Court's appeal.

### III

■ The County Court took no steps to perfect its appeal following the filing of its notice of appeal. It neither filed briefs nor appeared. For this reason, the motion to dismiss the appeal would ordinarily be sustained. Rule 84.08. However, in this instance it is clear on the record before us that the Trial Court lacked authority to enter the order allowing the attorney's fee. Rule 87.09, a reenactment of § 527.100, provides that "In a proceeding under Rule 87 [declaratory judgment] the court may make such award of costs as may be equitable and just."

Following the Trial Court's award of the attorney's fee on March 27, 1982, this Court spoke on the subject of allowance of attorney fees:

The rule in Missouri is that absent statutory authorization or contractual agreement, each litigant, with few exceptions, must bear the expense of his own attorneys' fees (American Rule). *Arnold v. Edelman,* 392 S.W.2d 231, 239 (Mo.1965); *Moore v. City of Pacific,* 534 S.W.2d 486, 505 (Mo.App.1976); *Rook v. John F. Oliver Trucking Co.,* 505 S.W.2d 157, 161 (Mo.App.1973); *Duncan v. Townsend,* 325 S.W.2d 67, 71 (Mo.App.1959). *See also*

*Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

Although appellants refer to § 527.100, RSMo 1978, which provides that the court may make an award of costs in a declaratory judgment action, they show no statutory authorization or contractual agreement for an award of attorneys' fees to satisfy the governing rule.

The obvious exception to the rule in Missouri is represented by *Bernheimer v. First National Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745 (1949). Although it was a declaratory judgment action, it was filed in equity to obtain construction of a testamentary trust insofar as determining whether the minor plaintiff was the lawful issue of the body of his father. The trustees, residuary legatees and potential unborn future issue of the father were parties. In such special circumstances, the court awarded attorneys' fees to all parties for the reason that there was an ambiguity in the phrase "lawful issue" and its resolution and attendant questions were "important to the testamentary trustees in ascertaining the meaning of the will, and in charting a course for the administration of the trust estate." 225 S.W.2d at 755.

Appellants extract the statement from *Labor's Educational and Political Club—Independent v. Danforth,* 561 S.W.2d 339, 350 (Mo.banc 1977), that " 'costs' has been interpreted to include attorneys' fees." This is attributed to *Bernheimer v. First National Bank,* distinguished *supra,* and is not persuasive on the question here. *Mayor, Councilmen & Citizens, Etc. v. Beard,* 636 S.W.2d 330, 331 (Mo.banc 1982).

Nothing in this case brings the parties within the *Bernheimer* exception. The Trial Court was without power to award the attorney's fee. This holding renders moot that portion of the judgment awarding the attorney's fee and leaves standing only that part of the judgment assessing costs, which we affirm.

Reversed and remanded with directions to enter judgment not inconsistent with this opinion.

HIGGINS, GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., concur.

RENDLEN, C.J., concurs in result.