**HARTFORD INSURANCE CO.,**
**Plaintiff-Appellant,**

v.

**FEDERAL INSURANCE CO.,**
**Defendant-Respondent.**

No. 48512.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 1984.

Daniel E. Wilke, Clayton, for plaintiff-appellant.

Brent Winfield Baldwin, St. Louis, for defendant-respondent.

KAROHL, Judge.

In a declaratory judgment proceeding plaintiff-appellant Hartford Insurance Company sought an interpretation of the coverage provisions of a liability insurance policy defendant Federal Insurance Company issued to Glosier Construction Company, Inc. § 527.020, RSMo. 1978. Glosier Construction Company, Inc. was not a party.

■ The trial court dismissed the petition without prejudice on either or both of two grounds: (1) plaintiff lacked standing to request a declaration concerning the rights and liabilities of Glosier and defendant under a policy issued to Glosier by defendant; (2) the declaration of rights and liabilities under the Glosier-Federal Insurance Company policy is premature. On February 21, 1984 the trial court entered the following order without comment, "Defendant's motion to dismiss sustained." At the request of plaintiff-appellant the court amended the order on March 15, 1984 and designated the dismissal to be without prejudice.

The issue of standing raised in this appeal was found in the negative in *St. Paul Fire & Marine Insurance Co. v. Medical Protective Co. of Fort Wayne, Indiana,* 675 S.W.2d 665 (Mo.App.1984). The *St. Paul* case was decided after the present appeal was briefed by the parties. Accordingly, the dismissal on that ground was proper.

■ We find that the dismissal on the ground that the request for construction

and declaration of rights is premature was also properly granted. This suit was filed after Glosier, the insured, was sued in the circuit court of St. Charles County, Missouri by Bross-Heckmann, Inc. The Bross-Heckmann, Inc. suit claims damages against Glosier based on the theory that Glosier negligently constructed a building for plaintiff causing the walls of the building to shift, crack and break thereby permitting water to leak into the lower level of the foundation and walls. It may be that some of the negligent acts alleged by Bross-Heckmann, Inc. occurred during the time of coverage under the Federal Insurance Company policy and some during the coverage period of the policy of Hartford Insurance Company. However, those facts have not been determined nor has Glosier, the insured, tendered the defense of the Bross-Heckmann, Inc. suit to Federal Insurance Company. A declaration of rights and liabilities under the Federal Insurance Company policy would be premature until such tender of defense may occur.

We conclude that the trial court properly dismissed the petition on both grounds and affirm the dismissal.

PUDLOWSKI, P.J., and GAERTNER, J., concur.