**CARPENTER–VULQUARTZ REDEVELOPMENT CORPORATION, Respondent,**

v.

**DOYLE DANE BERNBACH ADVERTISING, INC., et al., Appellants.**

No. WD 41282.

Missouri Court of Appeals, Western District.

Sept. 26, 1989.

Edward R. Spalty and Donald G. Scott of Armstrong, Teasdale, Schlafly, Davis & Dicus, Kansas City, for appellants.

Frank P. Sebree and Peter E. Strand of Shook, Hardy & Bacon, Kansas City, for respondent.

Before GAITAN, P.J., and MANFORD and ULRICH, JJ.

MANFORD, Judge.

Plaintiff filed a two-count petition against the defendants. Count I sought a declaratory judgment that plaintiff is entitled to possession of a leased premises. Count II sought a money judgment for breach of contract. The trial court granted partial summary judgment in favor of plaintiff on Count I and designated the judgment final for purposes of appeal. Count II remained before the trial court.

Defendants raise three points on appeal contending, in summary, that the trial court erred in entering summary judgment on Count I because the plaintiff failed to meet its burden of proof and there exist genuine issues of material fact as to whether (1) the defendants succeeded to the obligations of the lessee, and whether plaintiff failed to join as a party the successor to the lessee, (2) plaintiff is the owner of the premises and has succeeded to the interests of the lessor under the lease agreement, and (3) the plaintiff lost the right to possession by breaching the lease agreement. The judgment is reversed.

The pertinent facts are as follows.

A ten-year Commercial and Industrial Lease Agreement was executed between 427 Associates (as original lessor) and Barickman Advertising, Division Doyle Dane Bernbach Advertising, Inc. (as original lessee) for the lease of premises located at 427 West 12th Street in Kansas City. Plaintiff's petition for declaratory judgment alleged that it, Carpenter–Vulquartz Redevelopment Corporation, is now the owner of the leased premises and has succeeded to the interests of the lessor under the lease. Plaintiff sued four corporate entities. Plaintiff sued Doyle Dane Bernbach Advertising, Inc. as the original lessee. Plaintiff sued DDB Needham Worldwide, Inc. and Omnicom Group, Inc. claiming they are successors in interest to the original lessee and, therefore, liable under the lease. Plaintiff sued Fletcher/Mayo/Associates, Inc. claiming it assumed the obligations of the lessee. Plaintiff alleged that defendants have failed to pay rent since September, 1987 and plaintiff has not received rent from any other source. Be-

cause defendants are in default and have refused to pay rent upon demand, plaintiff seeks to exercise its right to terminate the lease and take possession.

In a joint answer, defendants deny that each defendant is a corporation doing business in the State of Missouri. Defendants contend that the court lacks jurisdiction over one or more defendants. Defendants deny that plaintiff is now the owner of the leased premises or has succeeded to the interests of the lessor. Defendants contend that plaintiff is not the real party in interest. Defendants deny that Doyle Dane Bernbach Advertising, Inc. as lessee agreed to pay specified amounts of rent during the lease period. Defendants deny that plaintiff fulfilled all obligations of the lessor. Defendants deny that DDB Needham Worldwide, Inc. and Omnicom Group, Inc. are successors in interest to the lessee. Defendants deny that Fletcher/Mayo/Associates, Inc. has assumed the obligations of the lessee. Although defendants admit they have not made rental payments to plaintiff from October, 1987 to the present, they deny that plaintiff has not received rent for the leased premises from any other source. Defendants deny they are in default under the lease. Defendants admit that a letter purporting to exercise an option to terminate a lease was received by Fletcher/Mayo/Associates, Inc. after November 4, 1987. Defendants deny that plaintiff is entitled to take possession of the leased premises, obtain keys from defendants, and have damage to the premises repaired at defendants' expense. Furthermore, defendants answer that Count I is moot to the extent that plaintiff is in possession of the premises and keys.

Plaintiff's Motion for Summary Judgment was accompanied by the affidavit of John Carpenter, Vice President of the plaintiff corporation. Carpenter states, in sum, that the plaintiff has taken possession of basement storeroom areas from which defendants moved, leaving the doors open. However, plaintiff has not taken possession of the first, second, and third floors of the premises. Defendants have locked these upper floors and refused to return the keys. Carpenter believes that defendants,

or one of them, still maintain possession of the upper floors and own personal property in those areas. Carpenter further states that plaintiff's attorney wrote defendants' attorney asking if defendants abandoned the property or will relinquish possession. Plaintiff did not receive a response.

In opposition to the motion for summary judgment, defendants submitted the affidavit of Frances Kay Storer, the Office Manager of Fletcher/Mayo/Associates, Inc. Storer states that in late–1986 certain active operations, furniture and equipment of Fletcher/Mayo/Associates, Inc. were removed from the leased premises. Storer also states that she, Robert Housh, and Jack Richie were the only people authorized by Fletcher/Mayo/Associates, Inc. to deal with the plaintiff corporation or one Ronald Jury regarding the leased premises. Storer stated that from the time the operations were moved through the summer of 1987, she never received elevator lock-off keys from the plaintiff or Ronald Jury.

Defendants also presented the affidavit of Robert Housh, the current Executive Vice President and Chief Financial Officer of Fletcher/Mayo/Associates, Inc. The substance of his affidavit was identical to that of Storer's affidavit. So too was the substance of the affidavit of Jack Richie, former Executive Vice President of Fletcher/Mayo/Associates, Inc.

In opposition to the motion for summary judgment, defendants also submitted the August, 1988 deposition testimony of Ronald Jury. Jury testified that there exists an agreement between plaintiff and a management company by which Jury is to do all physical management for the premises in question. Jury explained the building's elevator lock-off system for security purposes. Jury testified that at that time, Fletcher/Mayo/Associates, Inc. was the tenant which occupied the first, second, and part of the third floor. Plaintiff also has an office in the building. Jury recalled that the elevator lock system was changed several times. Each time the keys were changed in the building, he would deliver keys to the tenants in the building, including the change in the spring of 1987. Jury

further testified that in the spring of 1987, he contacted a gentleman at the St. Joseph, Missouri office of Fletcher/Mayo/Associates, Inc. asking for the return of the key box containing internal keys to the premises. The gentleman told Jury that Fletcher/Mayo/Associates, Inc. owned the key box and would not return the keys.

Defendants' answers to plaintiff's interrogatories were made part of the trial record. The answers and attached documents reveal the myriad incorporations, name changes, mergers, dissolutions and other alterations of the defendants' corporate entities.

The trial court entered partial summary judgment as to Count I. The court found that the four named defendants did not claim a right to possession of the premises. The court found that the plaintiff claimed the right to possession and there was no genuine issue of material fact between the plaintiff and the named defendants on the issue of plaintiff's right to immediate possession of the premises. The judgment declared that plaintiff is granted the right to possession of the premises as against the four named defendants, including the right to enter and occupy the premises and to remove or dispose of property found on the premises.

In the instant case, the trial court entered partial summary judgment on Count I. The law states that the trial court shall enter summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 74.04 V.A.M.R. This court corrects the defendants in that it is no longer necessary for a movant to show by "unassailable proof" that he is entitled to a summary judgment. *Hayes v. Hatfield,* 758 S.W.2d 470, 472 (Mo.App.1988). To prevail on a summary motion, the movant has the burden of showing that there is no genuine issue of material fact and movant is entitled to judgment as a matter of law.

This court will first address defendants' contention that the trial court erred in entering partial summary judgment because there exist genuine issues of material fact as to whether plaintiff failed to join the proper parties as defendants. The named defendants argue that the successor of the original lessee is a necessary and indispensable party to this action and the trial court lacked jurisdiction to enter a summary judgment without the joinder of such party. Defendants have denied that they have succeeded to or assumed the obligations of the original lessee. Defendants make no claim for possession, but rather assert that the plaintiff has failed to meet its burden of proof on the motion for summary judgment.

Plaintiff counters this assertion by arguing that the disputed issues of fact cited by defendants on appeal are immaterial to the determination of the issue of possession in Count I. Because none of the defendants assert a claim for possession, the plaintiff argues that as between the parties before the court, the plaintiff has the better claim for possession and the presence of some other party is not required to afford relief among the parties to the suit. Plaintiff stresses that the defendants denied that they are successors to the original lessee, but would not name the absent party that would be an allegedly necessary and indispensable party to the determination of possession of the premises. Indeed, the record of the hearing reflects that the trial judge considered the dilemma presented when counsel for defendants simply stated that the successor's identity could be determined from the documents submitted with defendants' answers to interrogatories. The trial court explained on the record that he would enter judgment granting plaintiff possession as against the defendants in this case who claim no possession, and that if there are other parties that might have a right of possession, the plaintiff has the burden of securing a right of possession as against those parties.

After a complete review of the record made on the motion for summary judgment, this court concludes that the trial court erred in entering partial summary judgment on Count I because there exist

genuine issues of material fact which must be resolved before the court may decide the merits of the action and declare the rights of the parties to the Commercial and Industrial Lease Agreement.

Section 527.020, RSMo 1986, within Missouri's Declaratory Judgment Act, states that "any person interested under a ... written contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status or other legal relations thereunder." (See also Rule 87.02(a), V.A.M.R.) Section 527.110, RSMo 1986 provides that when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. (See also Rule 87.04, V.A.M.R.)

■ Case law has further determined that a necessary condition of judicial relief in a declaratory judgment action is the existence of a justiciable controversy in which the result would be res judicata between the parties. *Peters v. Board of Education of Reorg. Sch. Dist. No. 5*, 506 S.W.2d 429, 431 (Mo.1974). *See also Wentzville Public School Dist. v. Paulson*, 699 S.W.2d 132, 133 (Mo.App.1985); *Allen v. Coffel*, 488 S.W.2d 671, 674 (Mo.App. 1972). Because a declaratory judgment action brought under the statute or court rules is a civil action, the conventional rules of civil practice and procedure apply, in the absence of provisions to the contrary. *State Farm Mut. Auto. Ins. Co. v. Johnson*, 586 S.W.2d 47, 56 (Mo.App.1979). Therefore, the rules of civil practice and procedure relating to the joinder of necessary and indispensable parties apply to declaratory judgment actions.

■ The Declaratory Judgment Act does not authorize the issuance of advisory opinions. *County Court of Washington County, Missouri v. Murphy*, 658 S.W.2d 14, 16 (Mo. banc 1983); citing, *State ex rel. Chilcutt v. Thatch*, 359 Mo. 122, 221 S.W.2d 172, 176 (Mo. banc 1949). The Supreme Court of Missouri has explained:

Actions are merely advisory when there is an insufficient interest in either plaintiff or defendant to justify judicial determination, i.e., where the judgment sought would not constitute a specific relief to one party or the other. They are merely advisory when the judgment would not settle actual rights. If actual rights cannot be settled the decree would be a pronouncement of only academic interest. Plaintiff must have a legal interest in the relief he seeks. The question is justiciable only where the judgment will declare a fixed legal right and accomplish a useful purpose. Plaintiff must present a state of facts from which he has present legal rights against those he names as defendants with respect to which he may be entitled to some consequential relief immediate or prospective. If it appears plaintiff can have no relief against defendant, defendant should not be forced into litigation which can have no possible final result in favor of plaintiff.

*County Court of Washington County*, 658 S.W.2d at 16.

■ In the instant case, the plaintiff seeks a declaration of its right to terminate the Commercial and Industrial Lease Agreement, and to take possession of the leased building and dispose of property within the building based upon the lessee's default in failure to make rental payments. There are disputed facts with respect to which entities shall be made parties to this action because they may have a claim or interest which would be affected by the declaration. The record does not establish that plaintiff has properly joined as a defendant the original lessee under the lease or a successor to the original lessee. Indeed, the record contains indications that the original lessee, Barickman Advertising, Inc., Division Doyle Dane Bernbach Advertising, Inc., might now be a nonexistent entity. The record does not establish the facts surrounding the relationship between the original lessee or its successor and the three named defendants of Fletcher/Mayo/Associates, Inc., DDB Needham Worldwide, Inc. or Omnicom Group, Inc. These material facts remain in dispute. Al-

though it is undisputed that at one point in time the entity Fletcher/Mayo/Associates, Inc. occupied the premises, it is not clear whether Fletcher/Mayo/Associates, Inc. stood in the position of successor to the lessee, sublessee of the lessee, or stranger to the lease. It also remains disputed whether some absent party listed in the answers to interrogatories should be joined as a party to this action and whether the allegedly absent party is a successor to any of the named defendants. It was error to base the entry of summary judgment in this declaratory judgment action solely on the ground that none of the named defendants sought possession of the building. There remain genuine issues of material fact regarding whether plaintiff brought the proper parties before the court when it sought a declaration of the rights, status or other legal relations under the Commercial and Industrial Lease Agreement. The trial court erred in summarily entering the declaratory judgment. Plaintiff has failed to prove that the named defendants are the proper parties and that a justiciable controversy exists between the parties. In the absence of a justiciable controversy, the judicial declaration is merely advisory.

For the above reasons, this court rules in favor of the defendants on their point one on appeal. Due to the disposition of point one, the remaining points need not be addressed by this court.

The partial summary judgment on Count I seeking a declaratory judgment is reversed and remanded for further proceedings, if any, in conformity with this opinion.

All concur.