764 F.Supp. 145 (1991)
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Plaintiff,
v.
STRUCTURAL SYSTEMS TECHNOLOGY, INC., et al., Defendants.
STRUCTURAL SYSTEMS TECHNOLOGY, INC., Plaintiff,
v.
INTERNATIONAL INSURANCE COMPANY, Defendant.
Nos. N 89-0037 C, N 89-0112 C.
United States District Court, E.D. Missouri, N.D.
May 24, 1991.
*146 Fairfax Jones, St. Louis, Mo., and W. James Foland, John S. Conner and Joel R. Mosher, Kansas City, Mo., for National Union Fire Ins. Co. of Pittsburgh, Pa.
Fred C. Alexander, Jr., Alexandria, Va., and Daniel T. Rabbitt and T. Michael Ward, St. Louis, Mo., for Structural Systems Technology, Inc.
Thomas J. Skeffington, Chicago, Ill., and Joseph L. Leritz, St. Louis, Mo., for Federal Broadcasting.
Marion F. Wasinger, Hannibal, Mo., for KIRX, Inc.
Allen D. Churchill and Joseph B. McDonnell, Belleville, Ill., for Intern. Ins. Co.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on the motions to amend judgment filed by National Union Fire Insurance Company (National), International Insurance Company (IIC), and Structural Systems Technology, Inc. (SST), and on SST's application for attorney's fees.
The motions to amend judgment filed by National and IIC deal with this Court's interpretation of the "your work" exclusion in National's Policy No. GL 116-98-66-RA and IIC's Policy No. 523-491499-8 ("The Defender"). In National Union Fire Ins. Co. v. Structural Sys. Tech., Inc., 756 F.Supp. 1232 (E.D.Mo.1991), this Court held that the "your work" exclusion did not apply, because the work out of which the damage arose was performed by a subcontractor, Leblanc & Royle. Id. at 1239-40. Therefore, the subcontractor exclusion to the exclusion resulted in a potential duty to indemnify by National and IIC. National and IIC seek to amend this finding to apply only if it is determined in subsequent lawsuits that the work of Leblanc & Royle was the sole cause of the accident. Furthermore, in the event that the exclusion applies, these parties seek to exclude the damage to the other equipment, in addition to the tower. SST opposes this motion.
While the Court does not entirely agree with the changes sought by National and IIC, it does agree that the Memorandum Opinion and Judgment should be amended to provide for a situation whereby the assembly and erection of the tower by SST is found to be the sole cause of the collapse. Only in that situation would the damage be considered to arise out of "your work" and not be excluded by the subcontractor exclusion. This change would apply to both the National and IIC policies. These two parties would remain obligated to defend SST in the lawsuits arising out of the accident. The obligation to indemnify, as stated in National Union Fire Ins. Co. v. Structural Sys. Tech., Inc., id., would remain the same, except if it is determined in a later action that the assembly and erection of the tower by SST is the sole cause of the accident. The Court does not agree with the movants that the "other equipment" could also be excluded from coverage in such a situation, since the allegations in the other lawsuits do not relate to the improper assembly of such other equipment.
In the motion to amend filed by SST, SST seeks to have this Court find that it did not *147 "occupy" the tower within the meaning of the real property exclusion. The Court disagrees with SST and will deny its motion.
The Court will also deny the application of SST for attorney's fees. According to the "American Rule" of attorney's fees, as set forth by the United States Supreme Court in Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), each litigant is responsible for bearing the expense of its own attorney's fees, absent statutory authority or contractual agreement. In this case, SST does not claim a contractual agreement for fees, but relies on the Declaratory Judgment Act as its statutory authority for recovering attorney's fees. However, that Act does not specifically provide for such. Rather, it merely states that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted." 28 U.S.C. § 2202. This Court does not consider that phrase, in light of the Alyeska holding, as statutory authority for attorney's fees.
In addition, under Missouri law, SST can find no additional authority for an attorney's fees award. The general rule is that absent statutory authorization or contractual agreement, each litigant must bear the expense of his own attorney's fees. County Court of Washington County v. Murphy, 658 S.W.2d 14, 17 (Mo. banc 1983). The Missouri courts have carved an exception to that rule in only one case, which has not been followed in the courts' more recent decisions. See Bernheimer v. First Nat'l Bank of Kansas City, 359 Mo. 1119, 225 S.W.2d 745 (1949). In this case, SST has not demonstrated to this Court that it fits within that exception.
Accordingly,
IT IS HEREBY ORDERED that the motions to amend judgment of National Union Fire Insurance Company and International Insurance Company are granted in part. This Court's Memorandum Opinion and Judgment in National Union Fire Ins. Co. v. Structural Sys. Tech., Inc., 756 F.Supp. at 1239-40, shall be amended by adding to the sections dealing with the "your work" exception to policies GL 116-98-66-RA and XXX-XXXXXX-X, the following statement: "The subcontractor exclusion to the real property exclusion would not apply to damage to the tower in the event that in subsequent lawsuits it is found that the sole cause of the collapse of the tower was due to the assembly or erection by Structural Systems Technology, Inc. and completely unrelated to the manufacture or supply of the steel rods by Leblanc & Royle." In addition, the Memorandum Opinion and Judgment shall be amended to provide as follows: "To the extent that it is determined in later actions that the sole cause of the collapse of the tower was due to the assembly or erection by Structural Systems Technology, Inc. and completely unrelated to the manufacture or supply of the steel rods by Leblanc & Royle, the `your work' exclusions in the policies of National and IIC would apply to exclude liability to SST for damage to the tower only." The motions to amend judgment are denied in all other respects.
IT IS FURTHER ORDERED that the motion to amend judgment and the application for attorney's fees filed by Structural Systems Technology, Inc. are denied.