**Louise WITTY and Patricia Simonds, Plaintiffs–Respondents,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant.**

No. 18072.

Missouri Court of Appeals, Southern District, Division Two.

June 10, 1993.

Wendell W. Crow, Matthew R. Shetley, Crow, Reynolds & Preyer, Kennett, for defendant-appellant.

Richard D. Whiffen, Sikeston, for plaintiffs-respondents.

FLANIGAN, Judge.

Plaintiffs Louise Witty and Patricia Simonds brought this declaratory judgment action against defendant State Farm Mutual Insurance Company. The petition sought an order declaring the rights of the parties with respect to the liability and uninsured motor vehicle provisions of two insurance policies issued by State Farm. The cause was submitted to the trial court on a stipulation of facts. The trial court found the issues generally in favor of plaintiffs. State Farm appeals.

The court reverses the judgment for two independent reasons: (1) The record fails to disclose the existence of a justiciable controversy; (2) there was a failure to comply with Rule 87.04,[1] requiring the joinder, in a declaratory judgment action, of all persons who have or claim any interest which would be affected by the declaration. The person who should have been joined as a party, and was not, is Marie Hillis.

The parties stipulated to the following facts: The action arises out of an incident which occurred on May 31, 1988, involving a vehicle owned by Francis Beis and driven by Marie Hillis. Francis Beis, a passenger in the vehicle, was the mother of Marie Hillis. Marie Hillis was operating the vehicle with the permission of Francis Beis. Francis Beis was a resident of the household of Marie Hillis. State Farm issued two insurance policies (Policy 1 and Policy 2) which were in effect at the time of the incident. Both policies contained liability and uninsured motor vehicle coverages. Each policy described a certain vehicle as the "described vehicle." Policy 1 was issued to Marie Hillis and Reuben Hillis as named insureds. The described vehicle under Policy 1 was a 1985 Chevrolet. Policy 2 was issued to Francis Beis as the named insured. The described vehicle under Policy 2 was a 1978 Lincoln. Plaintiffs Louise Witty and Patricia Simonds are sisters of the late Francis Beis. Francis Beis left no surviving spouse or parents, and she was survived by one child, Marie Hillis.

The petition in the declaratory judgment action alleged that the automobile, presumably the Lincoln, "left the roadway, became airborne and crashed, resulting in the death of Francis Beis." The petition also alleged that the negligence of Marie Hillis was the sole and proximate cause of the death of Francis Beis.

Peculiarly, the stipulation contained this statement:

"In a wrongful death action, the plaintiffs have alleged that the negligence of Marie Hillis was the sole and proximate cause of the death of Francis Beis. A copy of the [petition] in said action is attached hereto, marked as an exhibit, and incorporated herein by reference." The attached exhibit was not a petition in a wrongful death action filed by plaintiffs against Marie Hillis. The attached exhibit was merely a copy of the petition filed in the instant declaratory judgment action.

The stipulation requested "that the court determine whether Louise Witty and Patricia Simonds are the proper parties to bring said wrongful death action and this declaratory judgment action, and to declare the rights and duties of the parties under the policies aforesaid and under the pleadings herein."

The petition, in addition to alleging most of the foregoing facts, alleged: Plaintiffs "are the sisters of Francis Beis, and are persons interested, as heirs of Francis Beis, in the applicability of the liability insurance provisions of the policies." State Farm "has denied payment under both policies, claiming that both policies have a valid 'household exclusion' which precludes liability or uninsured motorist coverage for any bodily injury to 'any insured or any

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

member of the insured's family residing in the insured's household.' "

The petition prayed for an order: (a) "declaring the respective rights of the parties in relation to the liability and uninsured motor vehicle provisions of the insurance policies and their applicability to the claim of Louise Witty and Patricia Simonds against Francis Beis (sic) for wrongful death"; (b) "declaring the household exclusion clause of both policies to be null and void as they are contrary to state statute and against public policy"; (c) "declaring that the policy language is ambiguous and that the liability proceeds from both policies are properly payable in the event plaintiffs are successful in securing a judgment against Marie Hillis for the wrongful death of Francis Beis."

State Farm's answer alleged: Francis Beis was the mother of Marie Hillis; "consequently the alleged decedent Francis Beis was ... survived by a child, who, under § 537.080.1(1),[2] is the only person who may institute and maintain any alleged wrongful death action relating to Francis Beis, and therefore plaintiffs have no standing to institute or maintain this action....; plaintiffs have no standing relative to maintaining any action [for the wrongful death of Francis Beis]" or "the application of the household exclusion."

The answer requested the court "to determine the rights of the parties herein under those issues joined relative to standing, rights, and duties under any such policies, and applicability of any exclusion thereunder."

In addition to finding the facts as set forth in the stipulation, the trial court made the following findings and declarations: Louise Witty and Patricia Simonds are proper parties to bring a wrongful death action against the alleged tort-feasor Marie Hillis; both liability policies are applicable to the driver of the vehicle, Marie Hillis, as

she is an insured under her own policy and under the policy issued to Francis Beis because Francis Beis allowed Marie Hillis to drive her car; the household exclusion clauses in Policy 1 and Policy 2 are void to the extent of coverage mandated by Section 303.190 RSMo.

On this appeal, State Farm contends that the trial court erred: (a) in finding that plaintiffs are proper parties to maintain a wrongful death action seeking damages for the death of Francis Beis because Francis Beis was survived by a daughter, Marie Hillis, in whom any such action is vested by § 537.080.1(1) to the exclusion of any others, and (2) in finding that the household exclusion clause of Policy 1 was void to the extent of coverage mandated by § 303.190 "in that to partially nullify the family insurance clause in *both* [Policy 1 and Policy 2] would provide coverage in twice the amount required by § 303.190.2 and § 303.-025.1, and same is incorrect."

■ A declaratory judgment is not available to adjudicate hypothetical or speculative situations which may never come to pass. *Tintera v. Planned Industrial Expansion Authority*, 459 S.W.2d 356, 358 (Mo.1970). The Declaratory Judgment Act does not authorize the issuance of advisory opinions. *Carpenter–Vulquartz v. Doyle Dane Bernbach*, 777 S.W.2d 305, 309[2] (Mo.App.1989). The existence of a "justiciable controversy" is essential before a court may exercise its jurisdiction in response to a petition for declaratory judgment. *Commonwealth Ins. Agency, Inc. v. Arnold*, 389 S.W.2d 803, 806 (Mo.1965). There must be a sufficiently complete state of facts presenting issues ripe for determination. A mere difference of opinion or disagreement or argument on a legal question does not afford adequate ground for invoking the judicial power. *Id. Arnold* contains a review of declaratory judgment

---

**2.** Section 537.080.1 provides, in pertinent part, that damages [in a wrongful death action] "may be sued for:

(1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death."

actions involving insurance policies. Some of the actions met the requirement for a justiciable controversy and some did not.

In *County Court of Washington County v. Murphy*, 658 S.W.2d 14, 16 (Mo.banc 1983), the court said:

No justiciable controversy exists and no justiciable question is presented unless an actual controversy exists between persons whose interests are adverse in fact. Plaintiff must have a *legally protectable interest* at stake and the question presented must be appropriate and ready for judicial decision.... Plaintiff's petition must present a real and substantial controversy admitting of *specific relief* through a decree of a *conclusive character*, as distinguished from a decree which is merely advisory as to the state of the law upon purely hypothetical facts.... Actions are merely advisory when there is an insufficient interest in either plaintiff or defendant to justify judicial determination, i.e., where the judgment sought would not constitute a specific relief to one party or the other. They are merely advisory when the judgment would not settle actual rights. If actual rights cannot be settled the decree would be a pronouncement of only academic interest. Plaintiff must have a legal interest in the relief he seeks. The question is justiciable only where the judgment will declare a fixed legal right and accomplish a useful purpose. Plaintiff must present a state of facts from which he has present legal rights against those he names as defendants with respect to which he may be entitled to some *consequential relief* immediate or prospective. If it appears plaintiff can have no relief against defendant, defendant should not be forced into litigation which can have no possible final result in favor of plaintiff. (Emphasis in original.)

In *Local Union 1287 v. Transp. Authority*, 848 S.W.2d 462, 463–464 (Mo.banc 1993), the court said:

It is premature to render a judgment or opinion on a situation that may never occur. A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose. The question presented must be ready for judicial decision. If it is not, the judgment is a nullity.

There are at least two sound reasons that courts decline to render advisory, or hypothetical, judgments and opinions. First, judicial resources are limited and should not be wasted on disagreements that may never require judicial resolution. Second, the judicial branch traditionally renders opinions because it is required to do so as a consequence of specific facts that necessitate a judicial judgment. If a court examines a matter in which facts are not completely developed, it is possible that the court may grant an incorrect judgment. It is also possible that, to the extent that the judicial branch contributes to the development of the law in our legal system, the court may take an inappropriate or premature step in the judicial development of the law. (Authorities omitted.)

Rule 87.04 reads, in pertinent part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings...."

Rule 87.04 is a rescript of § 527.110 and is identical to § 11 of the Uniform Declaratory Judgments Act. *Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 506–507 (Mo.banc 1991). "Because a declaratory judgment action brought under the statute or court rules is a civil action, the conventional rules of civil practice and procedure apply, in the absence of provisions to the contrary. Therefore, the rules of civil practice and procedure relating to the joinder of necessary and indispensable parties apply to declaratory judgment actions." *Carpenter–Vulquartz v. Doyle Dane Bernbach, supra*, at 309.

In *Yellow Freight System v. Mayor's Com'n*, 737 S.W.2d 250, 251 (Mo.App.1987), this court said: "The presence of an indispensable party is a jurisdictional requirement. Although none of the parties to this appeal has raised the matter of the nonjoin-

der of the City as a party, this court must raise it on its own motion." (Citing authorities.)

In *Kingsley v. Burack,* 536 S.W.2d 7, 11 (Mo.banc 1976), the court said:

[Rule 52.04] proceeds on the basis that a person may be conceptually necessary but nevertheless allows the suit to proceed unless the absent party is pragmatically indispensable in the particular case. Whether or not a person is an indispensable party must be determined by applying the criteria of [Rule 52.04], and the finding of indispensability is the end result—not the starting point.

In *State ex rel. Emcasco Ins. Co. v. Rush,* 546 S.W.2d 188, 195–196 (Mo.App. 1977), the court discussed Rule 52.04, and described the various steps required by that rule to determine whether a person should or must be added to pending litigation.

Rule 87.04, which is confined to declaratory judgment actions, requires that any person who has or claims any interest which would be affected by the declaration be made a party. The rule contains no exception to that requirement.

■ This court holds that Marie Hillis was required, by Rule 87.04, to be a party to the instant proceeding and that the judgment, rendered in her absence, is a nullity. Although this court has found no Missouri case "on all fours" with this case, the following cases support this holding: *Commonwealth Ins. Agency, Inc. v. Arnold, supra; St. Paul Fire & Marine v. Med. Protective Co.,* 675 S.W.2d 665 (Mo.App. 1984); *Hartford Ins. Co. v. Federal Ins. Co.,* 682 S.W.2d 871 (Mo.App.1984); *Spellerberg v. Huhn,* 672 S.W.2d 728 (Mo.App. 1984); *State ex rel. Emcasco Ins. Co. v. Rush, supra.*

In *Commonwealth Ins. Agency, Inc. v. Arnold,* a declaratory judgment action, the insured sued its insurer and sought a declaration of the insurer's liability on the policy as it related to a claim of Golub Corporation against plaintiff. The trial court dismissed the petition. The supreme court affirmed that dismissal. Although not a party to the declaratory judgment action,

Golub did have a tort action pending against the insured. Golub's petition in the tort action contained some claims which were covered by the policy and other claims which were excluded by the policy. The court said, at 808: "The trial court had no way to know on which, if any, ground Golub might prevail in its action. Nor do we. *Golub is not a party to this action and there is no way by which a final determination may be made in this case of the basis of Golub's claim.*" (Emphasis added.) The court held that the petition in the declaratory judgment action did not state a justiciable controversy.

In *St. Paul Fire & Marine v. Med. Protective Co.,* St. Paul Fire & Marine Ins. Co. brought a declaratory judgment action against Medical Protective Co. for an interpretation of a medical malpractice insurance policy issued by Medical Protective to Dr. Hite. Dr. Hite was also the insured in a St. Paul policy. Dr. Hite was not made a party. St. Paul sought a declaration that its policy was excess insurance over the coverage afforded by Medical Protective's policy. The trial court entered judgment in favor of Medical Protective, and St. Paul appealed.

The court of appeals reversed the judgment on the ground that St. Paul had no standing to bring the present action. At 667 the court said:

We find that plaintiff St. Paul has no standing under the Declaratory Judgment Act to request the court to interpret the contract of insurance purchased by Dr. Hite from defendant Medical Protective. Although the basic facts dealing with the terms of defendant Medical Protective's policy were undisputed *the absence of Dr. Hite deprived the trial court and this court of his interpretation of the meaning of the policy issued to him by defendant Medical Protective.* Plaintiff St. Paul was not a party to the Medical Protective policy. Nor is it a third-party beneficiary who could enforce defendant's medical malpractice contract. No authority has been cited to this court and we find none which would authorize or grant standing to seek a declaration of

rights under a contract to one who is not a party and who has no right to enforce the contract.... [T]he provisions of our Declaratory Judgment Act do not extend standing to a party nor enlarge the jurisdiction of the court over subject matter or parties.... Only Dr. Hite, defendant Medical Protective or a beneficiary of the insurance contract would have standing under the Act.... The prospect of plaintiff realizing a benefit in the event defendant's policy offers coverage is contingent upon a number of further facts which have not been alleged, i.e. that Dr. Hite agrees that there is coverage and has tendered the defense of the libel action to defendant Medical Protective based upon his own determination that there is coverage. There may be no dispute, existing now or in the future, between St. Paul and Medical Protective. The Declaratory Judgment Act applies only in cases in which there is an existing justiciable dispute or controversy. *Resort to the Act for interpretation of defendant's policy before the happening of the contingent events, in the absence of Dr. Hite, would be a misuse of the Declaratory Judgment Act.* (Emphasis added.)

In *Hartford Ins. Co. v. Federal Ins. Co.*, Hartford Insurance Company brought a declaratory judgment action against Federal Insurance Company, seeking an interpretation of the coverage provision of a policy Federal issued to Glosier. Glosier was not a party. The trial court dismissed the petition without prejudice. The court of appeals held that the dismissal was proper, that Hartford lacked standing to request a declaration concerning Glosier's rights under the policy and that the declaratory judgment action was premature. The court said that although a tort action had been filed against Glosier, it had not been determined whether the alleged negligent acts of Glosier occurred during the policy period of the Federal policy or during the policy period of the Hartford policy. The court also said that the declaratory judgment action was premature because Glosier had not tendered the defense of the tort action to Federal.

In *Spellerberg v. Huhn*, plaintiff brought a declaratory judgment action to determine what interest he had in a farm. The action involved the construction of an agreement entered into by plaintiff and his three brothers. The brothers were not joined as parties. The trial court entered a judgment purporting to deny plaintiff a life estate which he had requested. The court of appeals reversed the judgment. Citing Rule 87.04, the court said that the brothers were indispensable parties to the litigation, that they had the right to litigate the issue concerning their right to a life estate, and the trial court's judgment would not set "this fundamental issue" at rest. The court said to hold otherwise would defeat the very purpose of Rule 87.04, which was to avoid unnecessary relitigation of issues.

In *State ex rel. Emcasco v. Rush*, there was the anomalous situation where, in a declaratory judgment action, the named insured was made a party and his joinder was held to be improper. That relief was obtained by a writ of mandamus which prevented the trial court from permitting the joinder of the insured whose presence would affect the applicability of the Dead Man's Statute. A vehicle driven by one Davis and occupied by several passengers was involved in a one-car accident. The vehicle was owned by one Carter, who was the named insured in a liability policy issued by Emcasco. Emcasco filed a declaratory judgment action seeking declaration of its rights and liabilities. Defendants in the declaratory judgment action were the administrator of the deceased driver, the passengers (who were plaintiffs in separate tort actions), and Carter. The only issue in the declaratory judgment action was whether Davis had permission to drive the vehicle. Emcasco did not deny coverage to Carter and was affording Carter a defense in the tort actions which had been filed against him and the administrator of the deceased driver. The court said that Carter need not be joined as a defendant in the declaratory judgment action in order to resolve the issue of whether Davis was covered by the policy.

The court said, at 200:

We hold therefore that, where a declaratory judgment action is instituted by an insurer against certain claimants and the driver of a vehicle to determine the sole issue of whether the driver had permission of the insured, and the insurer does not deny coverage to the insured but affords the insured a defense under the terms of the policy, the insured is neither a necessary nor indispensable party pursuant to Rule 52.04. Our result in no way affects the question of coverage as between Emcasco and [Carter].

■ Out-state cases, with which this court agrees, support the principle that in a declaratory judgment action by a tort claimant against the liability insurer of the tort-feasor who is also the named insured, the named insured-tort-feasor is an indispensable party. *Safeway Insurance Co. v. Harvey,* 36 Ill.App.3d 388, 343 N.E.2d 679 (1976); *Home Fire & Marine Insurance Co. v. Schultz,* 80 N.M. 517, 458 P.2d 592 (1969); *Erie Ins. Group v. Cavalier,* 380 Pa.Super. 601, 552 A.2d 705 (1989); *Pennsylvania Ins. Guar. Ass'n v. Schreffler,* 360 Pa.Super. 319, 520 A.2d 477 (1987). See 71 A.L.R.2d 723 (Construction, application, and effect of § 11 of the Uniform Declaratory Judgment Act). See, also, 8 A.L.R.Fed. 738 (Insured as indispensable or necessary party in federal court action between his liability insurer and actual or potential tort-claimants); Moore's Federal Practice, Second Edition, § 57.25; Appleman, Insurance Law and Practice, § 11371.

The record does not explain, and the parties have not discussed, the nonjoinder of Marie Hillis. Although the stipulation refers to a wrongful death action, and a copy of the petition in that action is said to be attached to the stipulation, there is no such attachment. It may be that no such action has been filed and that plaintiffs, perhaps with the cooperation of State Farm, are merely seeking an advisory opinion on whether they have a cause of action for the wrongful death of Francis Beis and, if so, how much insurance coverage is available to satisfy a judgment if one is obtained in their favor. This court holds that there is no showing that a justiciable controversy exists.

Understandably, State Farm has appealed only with respect to those portions of the trial court's judgment by which State Farm claims to be aggrieved. In its reply brief, State Farm argues that Marie Hillis is provided liability coverage under Policy 2, but also argues there is no liability coverage for her under Policy 1. The pleadings of the plaintiffs and State Farm requested declarations concerning, among other things, the liability provisions of both policies and their applicability to the alleged claim of the plaintiffs for the wrongful death of Francis Beis. These are matters in which Marie Hillis has an interest which would be affected by the declaration. It is no answer to say that her rights would not be prejudiced because she is not a party. Some of the same issues will arise if she is sued in a tort action, and others may arise if the tort plaintiffs obtain a judgment.

This court holds that Marie Hillis was required, by Rule 87.04, to be joined in the action, that her absence is a jurisdictional defect, and that the judgment is void.

The judgment is reversed.

MONTGOMERY, P.J., and PREWITT, J., concur.