Blaine **LYMAN, Plaintiff–Appellant,**

v.

**MISSOURI EMPLOYERS MUTUAL INSURANCE COMPANY, Defendant–Respondent.**

No. SD 32252.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 23, 2013.

Patrick J. Platter, Springfield, MO., for Appellant.

Byron A. Bowles Jr., St. Louis, MO., for Respondent.

DON E. BURRELL, J.

■ This appeal prematurely asks this court to choose between the parties' suggested remedies—each of which appears to be prohibited by law—to address what may be an unanticipated gap in Missouri's Workers Compensation Law.[1]

Appellant Blaine Lyman ("Claimant") suffered a work-related accident ("the accident") in 2002 in the state of Colorado while working as a carpenter for Allmon Construction, LLC ("Employer"). Claimant received a final award in 2010 ("the final award") from the Missouri Labor and Industrial Relations Commission ("the Commission") that included future medical expenses.

When a dispute arose over what medical care Claimant should receive, Claimant filed a petition for declaratory judgment that asked the trial court to declare Missouri Employers Mutual Insurance Company ("Insurer") "liable for the expenses of all medical treatment as ordered in the [f]inal [a]ward[.]" Insurer filed an answer and counter-petition that claimed, among other things, that Insurer had the "right to direct and pre-approve ongoing medical treatment of [Claimant] and is contesting [Claimant]'s unilateral attempt to determine for himself appropriate medical treatment for injuries sustained in [the accident]."

Based on these legal positions, and an eventual agreement on the factual proposition that Employer was "no longer in business[,]" each party sought summary judgment in its favor. The trial court entered summary judgment in favor of Insurer, declaring that:

1. [Claimant] has no right under the Final Award Allowing Compensation and under the Missouri Workers Compensation Act to receive unauthorized and non-approved post-award medical compensation benefits;

2. [Insurer] has the statutory and other right to direct, control, pre-approve, and/or authorize post-award medical compensation benefits;

3. [Insurer] has no legal liability for medical expenses and medical mileage previously submitted to it by [Claimant] not directed, controlled, pre-approved and/or authorized by [Insurer], and no legal liability for future medical expenses and medical mileage for treatment not directed,

---

1. "Workers' compensation law is entirely a creature of statute and is governed by chapter 287[.]" *State ex rel. Maloney v. Allen*, 26 S.W.3d 244, 248 n. 3 (Mo.App.W.D.2000). Thus, it "is not supplemental or complimentary but is 'wholly substitutional in character,' supplanting and superseding any rights a plaintiff might have at common law or otherwise." *State ex rel. KCP & L Greater Missouri Operations Co. v. Cook*, 353 S.W.3d 14, 41 (Mo.App. W.D.2011) (quoting *State ex rel. Tri-County Elec. Coop. Ass'n v. Dial*, 192 S.W.3d 708, 710 (Mo. banc 2006)).

controlled, pre-approved and/or authorized by [Insurer].

In four points relied on, Claimant contends the trial court erred in entering summary judgment in favor of Insurer because: (1) section 287.140.10 [2] grants the right to authorize medical compensation benefits to an employer, not an insurer; (2) the final award from the Commission "did not vest [Insurer] with the right to select medical providers"; (3) assuming Insurer had the right to select Claimant's medical providers, Insurer waived the right by denying treatment and "not providing such treatment when it knew it was necessary"; and (4) "there is no genuine issue of material fact" as to Insurer's liability for medical treatment and travel when Insurer "either directly admitted, or failed to properly rebut" the facts presented by Claimant and he "is otherwise entitled to judgment as a matter of law."

Because a critical issue of material fact was not presented to the trial court—whether Employer is either unable or unwilling to select Claimant's medical providers—the entry of a summary judgment was improper. We reverse the judgment and remand the case for additional proceedings consistent with this opinion.

## Applicable Principles of Review and Governing Law

As stated in *Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 437 (Mo. banc 2013):

> Appellate review of summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom judgment was entered. *Id.*
>
> Summary judgment is appropriate when the moving party has demonstrat-ed, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.* A defendant can establish that he is entitled to summary judgment by showing: (1) facts negating any one of the claimant's elements necessary for judgment; (2) that the claimant, after an adequate period of discovery, has not been able to—and will not be able to—produce evidence sufficient to allow the trier of fact to find the existence of one of the claimant's elements; or (3) facts necessary to support his properly pleaded affirmative defense. *Id.* at 381. A summary judgment, like any trial court judgment, can be affirmed on appeal by any appropriate theory supported by the record.

Thus, to appropriately enter summary judgment, it must be "show[n] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" Rule 74.04(c)(6); *see also ITT*, 854 S.W.2d at 381. "[W]e do not defer to the trial court's decision to grant summary judgment[,]" *Neisler v. Keirsbilck*, 307 S.W.3d 193, 194 (Mo.App.S.D.2010), and we "use the same criteria the trial court should have employed in initially deciding whether to grant [the] motion." *Id.*

To prevail in an action for declaratory judgment, a claimant must establish four elements: (1) the existence of a justiciable controversy "that presents a real, substantial, presently existing controversy as to which specific relief is sought"; (2) a "legally protected interest directly at issue and subject to immediate or prospective consequential relief"; (3) the question is "ripe for judicial determination"; and (4) the claimant "does not have an adequate remedy at law." *Grewell v. State Farm*

**2.** Unless otherwise indicated, all statutory references are to RSMo 2000. All rule references are to Missouri Court Rules (2013).

*Mut. Auto. Ins. Co.,* 102 S.W.3d 33, 36 (Mo. banc 2003).

## Background[3]

Claimant worked for Employer constructing timber-frame homes in southwest Missouri and, occasionally, in other states. Employer "was a limited liability company organized under the laws of the State of Missouri." On May 24, 2002, Claimant fractured his left femur at the hip joint when he fell from a ladder at a jobsite in Colorado. Claimant underwent multiple surgeries and other treatments to address both the injuries suffered in the accident and resulting complications. As a result of the accident, Claimant's "right leg is now longer than his left[,]" he requires "a cane to walk[,]" he has "mechanical low back pain, resulting in severe degenerative disk disease[,]" and he suffers from deep vein thrombosis. Based upon the opinions of two doctors, the Commission determined that Claimant was "at increased risk for new infections in the future" and that " 'it is medically likely that [Claimant] will eventually require a total hip arthroplasty.' "

In July 2010, the Commission issued its final award finding that Claimant was permanently and totally disabled, "the employer/insurer" was "liable to [Claimant] for permanent total disability benefits" for Claimant's life "or until as modified by law[,]" and the obligation to provide "future medical care shall remain open. [Employer] and [Insurer were] ordered to provide [Claimant] with such additional medical care as may be deemed reasonable, necessary, and causally related to the accident[.]" Neither Claimant nor Insurer appealed the final award.

Insurer denied payment for certain subsequent medical treatment concerning certain "chiropractic adjustments[,]" a particular "shoe lift[,]" and "mileage expenses" associated with these treatments. Insurer "assert[ed] [the] right to direct and pre-approve ongoing medical treatment of [Claimant] and [was] contesting [Claimant]'s unilateral attempt to determine for himself appropriate medical treatment for injuries sustained in the work-related accident." The parties admitted that a claims adjuster for Insurer testified by deposition, *inter alia,* that, Employer "is no longer in business."

The trial court found that "there is no genuine issue as to any material fact and [Insurer] is entitled to judgment as a matter of law on both [Insured]'s Motion for Summary Judgment and [Claimant]'s Motion for Summary Judgment[.]"

## Analysis

■ Section 287.140.10 provides that "[t]he *employer* shall have the right to select the licensed treating physician, surgeon, chiropractic physician, or other health care provider" for treatment compensable under the workers compensation law (emphasis added). It further specifically provides: "For the purpose of this subsection, subsection 2 of section 287.030 shall not apply." Section 287.030.2 states: "Any reference to the employer shall also include his or her insurer or group self-insurer." These statutes, construed together, arguably refute Insurer's claim that it is entitled, as a matter of law, to pick Claimant's medical providers.

■ On the other hand, section 287.140.1 provides that an injured employee "shall have the right to select his own physician, surgeon, or other such requirement *at his own expense* " (emphasis added). Thus,

---

**3.** Our factual summary is garnered from the parties' statements of undisputed material facts (and responses thereto) and the final award, including findings of the administrative law judge that were incorporated into the final award.

[a]n employer is charged with the duty of providing the injured employee with medical care, but the employer is given control over the selection of a medical provider. *Blackwell v. Puritan–Bennett Corp.*, 901 S.W.2d 81, 85 (Mo.App.E.D.1995). It is only when the employer fails to do so that the employee is free to pick his own provider and assess those costs against his employer. *Id.* Therefore, the employer is held liable for medical treatment procured by the employee only when the employer has notice that the employee needs treatment, or a demand is made on the employer to furnish medical treatment, and the employer refuses or fails to provide the needed treatment.

*Poole v. City of St. Louis*, 328 S.W.3d 277, 291 (Mo.App.E.D.2010). Because Claimant does not assert that he made a demand for treatment to Employer that Employer refused, *Poole* would arguably reject Claimant's position that he is entitled, as a matter of law, to pick his own medical providers at Insurer's expense.

■ But the fascinating question of who has the right to pick a claimant's medical providers if the employer is unable to do so (which would appear to constitute a question of first impression for this court) will have to wait for another day. Although neither party to this appeal has raised the issue, we are required to determine, *sua sponte*, whether there was a justiciable controversy before the trial court. *See Roach Law Firm v. Beilenson*, 224 S.W.3d 57, 60 (Mo.App.E.D.2007) (a justiciable controversy must exist before a trial court has subject matter jurisdiction

to grant declaratory relief); *Witty v. State Farm Mut. Auto. Ins. Co.*, 854 S.W.2d 836, 838 (Mo.App.S.D.1993) (same principle). "A justiciable controversy exists where the plaintiff has a legally protectible interest at stake, a substantial controversy exists between parties with genuinely adverse interests, *and that controversy is ripe for judicial determination.*" *Barron v. Shelter Mut. Ins. Co.*, 220 S.W.3d 746, 748 (Mo. banc 2007) (emphasis added). The requirement exists because Missouri courts are not permitted to issue advisory opinions. *See Turner v. Missouri Dept. of Conservation*, 349 S.W.3d 434, 443 (Mo. App.S.D.2011); *Witty*, 854 S.W.2d at 838.

Here, while the parties agree that Employer is "no longer in business," the undisputed facts do not address whether Employer is for that reason unable to select Claimant's medical providers as directed by section 287.140.10.[4] The parties—and the trial court—have simply assumed, without any proof of the matter, that Employer is either unable or unwilling to make such a choice. In the absence of such proof, the dispute the parties seek to have resolved is a purely hypothetical question not subject to judicial determination.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

DANIEL E. SCOTT, P.J., and JEFFREY W. BATES, J., concur.

---

4. For instance, it is undisputed that Employer "was a limited liability company organized" in Missouri. Nonetheless, the record is devoid of any notice of winding up or articles of termination related to Employer. *See* sections 347.045 and 347.137, RSMo Cum.Supp.

2012. Further, Missouri's LLC statutes provide a process that allows a member or other "authorized person" to make necessary decisions on behalf of a Missouri LLC even after it has been dissolved. *See* section 347.067.